# EXHIBIT "A"

# Complaint

Electronically Filed
7/31/2018 6:46 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
GEORGE O. WEST III [SBN 7951]
Law Offices of George O. West III
*Consumer Attorneys Against Auto Fraud*
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
gowesq@cox.net
www.americasautofraudattorney.com
www.nevadasautofraudattorney.com
(702) 664-1168
(702) 664-0459 [fax]

RONALD BURGE, ESQ (Pro Hac Vice)
Ohio SNB 0015609
Burdge Law Office Co LPA
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Ron@burdgelaw.com
www.ohiolemonlaw.com
(937) 432-9500
(937)432-9503 [fax]

**Attorneys for Plaintiff**
**GORDON WOOD**

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| GORDON WOOD, an Individual | CASE NO.: A-18-778700-C |
| Plaintiff | DEPT. NO.: Department 28 |
| - VS. - | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| WINNEBAGO INDUSTRIES, INC., | |
| Defendant | |

1

Plaintiff Gordon Wood, by and through his attorneys, hereby files this Complaint and Jury Demand and alleges as follows:

## COMMON ALLEGATIONS

1.     The true names or capacities, whether individual, corporate, associate, governmental or otherwise of the Defendants DOES 1 through 100, and each of them, are unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names.  When the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE was negligent or in some other manner responsible for the events and happenings herein referred to, and by their conduct caused injury and damages proximately thereby to Plaintiff, as herein after alleged, either through their own conduct or omissions, through the conduct or omissions of their agents, servants or employees, or due to their design, owning, representations, omissions, engineering, promotion, recommending, advertising, supplying, supervising, manufacturing, installing, maintaining, fabricating, assembling, renting, contracting, leasing, inspection, sale, applying, distribution, supervision, ownership, repair, use, possession, management, control, construction or entrustment of the instrumentalities causing the injury or damages hereinafter alleged or in some other manner.

2.     Gordon Wood ("Plaintiff") is and was at all times relevant herein an individual residing in Clark County, Nevada.

3.     Upon information and belief, Defendant Winnebago Industries, Inc. ("Defendant") is and was at all times relevant herein a Nevada Foreign Corporation registered with the Nevada Secretary of State to conduct business in Nevada since approximately 2014.

2

4.     Jurisdiction and venue are properly set in the Eighth Judicial District of Nevada because the warranty was breached in this District and the acts and transactions giving rise to this Complaint, occurred in Clark County and/or elsewhere in Nevada.

5.     This case involves a defective recreational vehicle that was out of service over 150 days in the first year of its ownership and had at least a dozen defects and was in the repair shop at least 5 times during the first year of ownership for warranty-covered repair and service attempts. Plaintiff did not buy this new RV so that he could see how many days it would be in the repair shop or how many defects it would come with or how much of a run around he would get from the factory and its dealers, trying to get everything fixed once and for all.

6.     At all relevant times herein mentioned, Gordon Wood is a consumer and a buyer within the meaning of applicable laws.

7.     At all relevant times herein mentioned, Defendant is a corporation doing business in Nevada, California and elsewhere, and is a supplier and merchant and the warrantor of the RV that Plaintiff purchased.

8.     On information and belief, Wheeler RV Las Vegas, LLC, dba Camping World RV Sales Las Vegas, aka Camping World of Las Vegas was and is an authorized representative and agent for Defendant, and a Winnebago factory authorized repair and service facility and performed authorized factory repair and service attempts on the subject RV and was paid by Defendant to do so and as a result the Defendant ratified the acts and omissions of Camping World of Las Vegas.

9.     Camping World of Las Vegas was the actual and/or implied agent of Defendant during the dealings which Plaintiff had with Camping World of Las Vegas.

3

10.     At all times relevant, Camping World of Las Vegas was a supplier and merchant, and an authorized repair and/or services and/or warranty representative of Defendant.

11.     On information and belief, Giant Inland Empire RV Center, Inc., dba Giant RV, was and is an authorized representative and agent for Defendant, and a Winnebago factory authorized repair and service facility and performed authorized factory repair and service attempts on the subject RV and was paid by Defendant to do so and as a result the Defendant ratified the acts and omissions of Giant RV.

12.     Giant RV was the actual and/or implied agent of Defendant during the dealings which Plaintiff had with Giant RV.

13.     At all times relevant, Giant RV was a supplier and merchant and an authorized repair and/or services and/or warranty representative of Defendant.

14.     The vehicle which is the subject of this dispute was the subject of ineffective repair and service attempts that were made upon the subject vehicle by Defendant's authorized representative dealership in Las Vegas, Nevada; the Defendant interacted with Plaintiff in Nevada and Defendant breached its warranty obligations to Plaintiff in Nevada between October 2017 and March 2018.

15.     This case involves a new but defective 2016 Winnebago Grand Tour 42 HL Class A recreational vehicle costing more than $331,094 that Defendant warranted for 3 years or 100,000 miles, but which it was not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranty the Defendant breached.

4

## FIRST CLAIM FOR RELIEF

## (BREACH OF WARRANTY AND/OR CONTRACT)

16. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein by Plaintiff.

17. This claim is for breach of warranty and/or contract by Defendant.

18. Plaintiff satisfied all conditions precedent under the terms of the Defendant's warranties.

19. As a result of the above, and the allegations below, among other things, Defendant breached its warranty and/or contract to the injury of Plaintiff and in conjunction therewith committed one or more unfair and/or deceptive acts upon Plaintiff.

20. At all times relevant, Camping World of Las Vegas was a supplier and merchant and an authorized representative and agent of Defendant. Camping World of Las Vegas was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were by Camping World of Las Vegas.

21. At all times relevant, Giant RV was a supplier and merchant and an authorized representative and agent of Defendant. Giant RV was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were by Giant RV and Plaintiff purchased the subject RV from Giant RV.

21. On or about April 22, 2017 the parties entered into a consumer transaction, in that Plaintiff agreed to acquire from Giant RV, the Dealer agreed to sell to Plaintiff, under the terms of a Retail Instalment Sale Contract, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain

5

1  2016 Winnebago Grant Tour "42 HL" recreational vehicle believed to bear VIN #

2  4HZFCUCY 8FCGR 1956, and whose total cost was about $462,876.

3        22.    The purpose of Defendant's warranty was to induce the sale of the subject

4  RV by giving Plaintiff, and to give Plaintiff, the belief that Defendant could and would get

5  any defect in the subject RV fixed within a reasonable amount of time and within a

6  reasonable number of attempts if a defect arose.  A secondary purpose of the Defendant's

7  warranty was to give Plaintiff confidence in the reliability and quality of the RV. Another

8  secondary purpose of the Defendant's warranty was to give Plaintiff confidence in the

9  Defendant as a company.

10       23.    After acquiring the vehicle, Plaintiff discovered that it did not conform to the

11 representations of Defendant inasmuch as it developed continuing malfunctions, defects

12 and problems and that was unfair and/or deceptive to Plaintiffs. Although Plaintiff gave

13 Defendant and its authorized repair facilities a reasonable opportunity, a reasonable

14 amount of time, and a reasonable number of chances to comply with its warranty

15 obligations, the Defendant and/or its authorized representatives failed to do so, and such

16 conduct constituted a material breach of the warranty and/or agreement.

17       24.    Because of the warranty-covered defects and the other problems and

18 malfunctions in the subject RV, Plaintiff notified Defendant and/or one or more of its

19 authorized servicing and repairing dealers and/or agents of the numerous defects and

20 delivered the subject RV into the possession of the Defendant and/or one/or more of its

21 authorized servicing dealers and/or agents at his cost and/or expense beginning just a

22 month after Plaintiff acquired the subject RV.

23       25.    The defects in the RV, which were substantial and existed in the materials

24 and workmanship caused by Defendant, including but not limited to: Parking brake

25 warning light and buzzer come on randomly while driving, navigation system and satellite

6

radio do not work, auto level flashed blue and red saying jacks are down when they are not, when parked and jacks are down they creep up a little every few hours,  aqua hot system burns blue smoke out the back for 20 minutes out the back of the coach once its turned on, large door from master to bath has a large dent in it, large cupboard in bath has broken runners, accent light in living room is falling down, baseboards are loose in the master bedroom, all lights flicker when water pump is in use, door between bedroom and lounge is broken, dishwasher leaked on first use, stove top does not work - turns on but no heat, center light on steering wheel does not light up, all shades do not have stops set, all light control pads in the coach are cracking, entry step rattles loudly when in transit sounds like its loose and is moving back and forth, and front corner driver side window has air leak when driving at freeway speeds, among other things.

26.     Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts prior to filing this case.

27.     In all respects, Plaintiff substantially if not completely performed his obligations under the RV's warranty from Defendant and Defendant did not perform its obligations, as set forth herein above and below.

28.     Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at his cost and/or expense beginning shortly after the sale.

29.     After being in the Defendant's authorized repair facility multiple times and being out of service a total of about 150 days or more in the first year and accumulating about a dozen or more warranty-covered defects since its acquisition, Plaintiff notified Defendant that he wanted his money back but Defendant would not do that.

7.

30.     In spite of Defendant's obligations, when Plaintiff complained of the inability of Defendant and its authorized warranty-repair facility to repair the vehicle, Defendant did not repair or replace or repurchase the subject vehicle.

31.     Prior to filing this case, and including on January 9, 2018 and March 31, 2018, Plaintiff provided notice to Defendant about its unfair and/or deceptive acts, practices and failures to live up to its warranty and/or contract.

32.     Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Defendant as a company.

33.     As a result Defendant breached its express and/or implied warranties and/or contract and committed one or more unfair and/or deceptive acts and/or practices which are uncured.

34.     As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff is entitled to all applicable legal and equitable remedies in law.

35.     In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff is entitled to all applicable legal and equitable remedies in law.

36.     Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiff acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

37.    Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was unfair and/or deceptive to Plaintiff.

38.    The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiff and that was unfair and/or deceptive to Plaintiff.

39.    Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiff to lose confidence in the reliability of the subject motor vehicle and in the ability of Defendant to repair the vehicle's defects and that was unfair and/or deceptive to Plaintiff.

40.    Plaintiff provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts. Most recently it was in the factory authorized repair facility for an extended amount of time and when it was returned to Plaintiff defects still existed. It would be a vain act to try to get someone else to fix the Rv when the factory itself is unable to do so.

41.    As a result of the above facts, among other things, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

42.    One or more of the defects and malfunctions in the vehicle were covered under the terms of Defendant's warranties and/or contract, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was unfair and/or deceptive to Plaintiff.

9

43.   Defendant included in its primary written warranty one or more unfair and/or deceptive terms that were one-sided and/or unfair and/or deceptive and/or unconscionable to Plaintiff and Defendant knew or should have known of such.

44.   The primary written warranty terms from Defendant failed to comply with the requirements of the Magnuson Moss Warranty Act and that was unfair and/or deceptive to Plaintiff.

45.   Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

46.   Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price and that was unfair and/or deceptive to Plaintiff.

47.   Plaintiff suffered and shall continue to suffer actual, incidental, consequential, and other damages as a direct and proximate result of the inability or other failure of the Defendant and its agents to repair or replace the RV or refund its price and costs, and that was unfair and/or deceptive to Plaintiff.

48.   It has become necessary for the Plaintiff to engage the services of an attorney to prosecute this action and therefore Plaintiff is entitled to costs and attorney fees as general and/or special damages.

## SECOND CAUSE OF ACTION

## (MAGNUSON MOSS WARRANTY ACT)

49.   The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

50.     This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

51.     As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was unfair and/or deceptive to Plaintiff.

52.     As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

53.     As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

54.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $10,000.

55.     It has become necessary for Plaintiff to engage the services of an attorney to prosecute this action and therefore Plaintiff is entitle to costs and attorney fees as general and/or special damages.

## THIRD CAUSE OF ACTION

## (Nevada Deceptive Trade Practices Act; NRS 41.600(2)(e))

56.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

57.     This claim is for violation of the Nevada Deceptive Trade Practices Act by Defendant.

11

58.     Prior to the purchase of the subject RV by Plaintiff, Defendant did attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly a person to enter into any obligation to acquire an interest in personal property and such attempts were each an advertisement within the meaning of the Nevada Deceptive Trade Practices Act.

59.     Plaintiff is 60 or more years old and thereby defined as an elderly person within the meaning of the Nevada Deceptive Trade Practices Act.

60.     In the course of its business or occupation, Defendant knew that when its new RV's and motorhomes arrived at its authorized retail dealers fresh from the factory, it was common for them to have defects upon arrival. Nevertheless, Defendant did not publicly disclose that fact.

61.     In the course of its business or occupation, Defendant knew that after its new RV's and motorhomes arrived at its authorized retail dealers fresh from the factory and before they were sold retail, it was common for them to develop defects. Nevertheless, Defendant did not publicly disclose that fact.

62.     In the course of its business or occupation, Defendant knew that after its new RV's and motorhomes were sold retail it would be common for defects to arise during the first year of ownership by the retail purchaser. Nevertheless, Defendant did not publicly disclose that fact.

63.     In the course of its business or occupation, Defendant advertised that its new RV's and motorhomes benefitted from its "113 point ship out inspection" and that in the process of that inspection "everything has to be perfect," and it employs an "extensive test regimen," to assure that its motorhomes are "built to last," and that "your motorhome is ready to hit the road when you are," and that Defendant builds and produces "the best motorhomes possible," and that its hardwood cabinets are "well built" and that "quality is

12

built in from the beginning" and that the subject RV's model line was "nothing but the best" and it had "expertly crafted solid wood cabinetry."

64.  As a result of the above, among other things, in the course of its business or occupation, Defendant knowingly made one or more false representations as to the characteristics, uses, or benefits of goods or services for sale, that goods or services were for sale that were of a particular standard, quality or grade when it knew or should have known that they were of another standard, quality, or grade.

64.  As a result of the above, among other things, in the course of its business or occupation, Defendant knowingly failed to disclose a material fact in connection with the sale of goods or services.

65.  As a result of the above, among other things, one or more unfair and/or deceptive acts, omissions, or practices were committed by Defendant in violation of Nev. Rev. Stat. Ann. 598.0915(5), (7), and (15), and Nev. Rev. Stat. Ann 598.092 subsections 8 and 9.

66.  As a result of the above, among other things, one or more unfair and/or deceptive acts, omissions, or practices were committed by Defendant, including but not limited to:

a.  Knowingly making a false representation as to the characteristics or uses or benefits of goods or services.

b.  Representing that goods or services are of a particular standard or quality when the supplier knows or should know that they are of another standard or quality.

c.  Knowingly makes another false representation in a transaction.

d.  Knowingly misrepresents the legal rights, obligations or remedies of a party to a transaction.

e.   Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false.

f.   Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not.

g.   Breach of Express and/or Implied Warranties.

h.   Violation of the Magnuson Moss Warranty Act.

i.   Failing to remedy defects in a warranted vehicle within a reasonable number of attempts.

j.   Failing to remedy defects in a warranted vehicle within a reasonable amount of time.

k.   Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction.

l.   Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty transaction within a reasonable amount of time.

m.   Including one or more unconscionable and/or unreasonable terms in the written warranty document(s).

n.   Stalling and/or delaying the performance of a legal obligation.

o.   Representing that defects have been repaired when in fact they were not.

p.   Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not.

q.   Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement.

r.   Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose.

14

s.   Knowingly distributing goods for retail sale to consumers that it k knows or should know are defective without disclosing such.

t.   Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to be defective without disclosing such.

u.   Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such.

v.   Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such.

w.   Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective during the first year after purchase by the retail buyer without disclosing such.

x.   Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective during the first year after purchase by the retail buyer without disclosing such.

y.   Failing to make replacement of warranted defective parts available to a consumer within a reasonable time..

z.   Failing to make a refund of the cost of warranted goods when it has failed to make replacement of warranted defective parts available to a consumer within a reasonable time.

67.   As a result of the above, inter alia, Defendant committed one or more deceptive acts, omissions, or practices in violation of Nevada Deceptive Trade Practices Act, in the course of and/or before, during or after a consumer transaction between Plaintiff and a supplier in relation to the 2016 Winnebago Grant Tour "42 HL" RV.

68.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $10,000.

69.   It has become necessary for Plaintiff to engage the services of an attorney to prosecute this action and therefore Plaintiff is entitle to costs and attorney fees as general and/or special damages.

15

**WHEREFORE,** Plaintiff prays for relief as follows, cumulatively and/or alternatively:

1.    For all claims of Plaintiff be granted and awarded

2.    For general damages in excess of $15,000.00

3.    For pre-judgment and post-judgment interest at the statutory rate

4.    For reasonable attorney fees as general and/or special damages and/or otherwise under law

5.    For the costs of suit incurred herein

6.    For the costs of litigation incurred herein

7.    Trial by Jury on all claims and issues herein

8.    For such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS JURY**

Date this 30th day of July, 2018

By */s/ George O. West III*
George O. West III
Law Offices of George O. West III
***Consumer Attorneys Against Auto Fraud***

RONALD BURGE, ESQ (Pro Hac Vice)
Ohio SNB 0015609
Burdge Law Office Co LPA

Attorneys for Plaintiff
**GORDON WOOD**

16