MICHAEL M. EDWARDS. ESQ.
Nevada Bar No. 6281
NICHOLAS L. HAMILTON, ESQ.
Nevada Bar No. 10893
**MESSNER REEVES LLP**
8945 W. Russell Road, Suite 300
Las Vegas, Nevada  89148
Telephone:     (702) 363-5100
Facsimile:      (702) 363-5101
medwards@messner.com
nhamilton@messner.com
*Attorneys for Defendant*
*Winnebago Industries, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GORDON WOOD, an Individual, | Case No.: 2:18-cv-01710-JCM-PAL |
| Plaintiff, | |
| v. | **DEFENDANT'S EMERGENCY MOTION TO COMPEL PER LR 7-4** |
| WINNEBAGO INDUSTRIES, INC., | |
| Defendant. | |

COMES NOW, Defendant, WINNEBAGO INDUSTRIES, INC., by and through its undersigned counsel of record at MESSNER REEVES, LLP, pursuant to LR 7-4, hereby requests Emergency Relief in the form of an order allowing a test drive of the subject vehicle to be conducted at the upcoming inspection set for Tuesday February 26, 2019.

/ /

/ /

**MESSNER REEVES LLP**
ATTORNEYS AT LAW

{03301096 / 1}

This Motion is made and based upon Fed. R. Civ. Pro. 34 and 37, the points and authorities provided below, the affidavits, pleading and papers referenced herein and attached hereto and such arguments as may be adduced therefrom upon the hearing of this matter.

DATED this 21 day of February, 2019.

MESSNER REEVES, LLP

By _____

MICHAEL M. EDWARDS. ESQ.
Nevada Bar No. 6281
NICHOLAS L. HAMILTON, ESQ.
Nevada Bar No. 10893
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
*Attorneys for Defendant*
    *Winnebago Industries, Inc.*

## AFFIDAVIT OF NICHOLAS L. HAMILTON IN COMPLIANCE WITH LR 7-4 AND 26-7

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )

I, Nicholas L. Hamilton, do hereby declare as follows:

1.      That I am an attorney of law duly licensed to practice in all courts of the State of Nevada and an attorney with the law firm of MESSNER REEVES, LLP, the attorneys of record for Defendants herein;

2.      That I have personal knowledge of the matters set forth below and could competently testify thereto if called to do so, and I attest to the contents of this affidavit in support of Defendants' instant motion;

3.      That the factual assertions and representations made in Defendants' instant Motion *in limine* are true and correct to the best of my knowledge;

4.      That an expert inspection of the subject vehicle is set for Tuesday, February 26 at 9:00 a.m. in Las Vegas Nevada.

5.      That a test drive, which Plaintiff's seek to prevent, is a necessary and essential component of the investigation to be conducted by Defendant's expert, and that significant and unnecessary costs will be incurred should the Plaintiffs be compelled by Court Order to allow the test drive as part of a separate, subsequent inspection.

6.      That the exigent circumstances discussed above warrant consideration of this Motion on an Emergency basis.

7.      That pursuant to LR 26-7, Counsel for the Defendant and the Plaintiff conferred on this issue.  Citing safety concerns, Plaintiffs' counsel have stated unequivocally that they will not allow a test drive of the subject vehicle short of judicial intervention.

8.      That the Plaintiffs' counsel may be reached as follows:

George O. West, III
Law Office of George O. West, III
Consumer Attorneys Against Auto Fraud
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Telephone: (702) 664-1168
Facsimile: (702) 664-0459
Email: gowesq@cox.net

Ronald Burdge, Esq.
Burdge Law Office Co. LPA
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone: (937) 432-9500
Facsimile: (937) 432-9503
Email: ron@burdgelaw.com

9.      Plaintiffs' counsel were notified of this motion via e-mail and electronic service through the Court's CM/ECF system.

10.      That I attest that this motion has not been filed for any improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Nicholas L. Hamilton

SUBSCRIBED and SWORN before me
This 21 day of February, 2019.

_____
Notary Public in and for County of Clark
State of Nevada

L. A. THAYER
Notary Public, State of Nevada
Appointment No. 94-1684-1
My Appt. Expires Nov 21, 2019

1

**POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3   Pursuant to Federal Rules of Civil Procedure 34 and 37, Defendant, Winnebago Industries, by

4 and through their counsel, Messner Reeves LLP, through counsel, hereby move this Court on an

5 emergency basis to compel Plaintiff to allow a test drive of the recreational vehicle that is the subject

6 of the Plaintiff's complaint.

7   Plaintiff's refusal to allow a test drive of the subject vehicle is unreasonable as the Plaintiff

8 asserts multiple non-conformities whose presence or absence can only be confirmed by a test drive.

9 The Plaintiff cites vague safety concerns that are unsupported by the vehicle's service history or by

10 basic facts generally known to those familiar with the recreational vehicle industry.

11   Plaintiff's refusal to allow a test drive will irredeemably prejudice the defendants by

12 effectively thwarting the ability of the Defendant's expert to perform a fundamental investigation into

13 multiple issues and to allow the Plaintiff to assert uncontroverted assertions concerning the safety of

14 the subject vehicle.

15   An inspection of the subject vehicle is presently set for Tuesday, February 26, 2019, and will

16 require multiple individuals travelling from out of state.   Defendants seek this motion on an

17 emergency basis due to the proximity of the upcoming inspection.

18   This motion is based upon the points and authorities attached hereto, the declaration of

19 Nicholas L. Hamilton in compliance with LR 26-7(c), the affidavit of Enoch Hutchcraft and all of the

20 pleadings and papers on file in this case.

21

**II.     STATEMENT OF RELEVANT FACTS**

22   Plaintiff's complaint, filed July 31, 2018, arises from the Plaintiff's allegations that the

23 Winnebago Recreational Vehicle that he purchased on April 22, 2017.  The subject vehicle was a

24 2016 Grand Tour 42 HL that the Plaintiff alleges was defective at this time of purchase.  Plaintiff's

25 complaint alleges Breach of Warranty/Contract, Violation of the Magnusson Moss Warranty Act, and

26 violations of Nevada's Deceptive Trade Practices Act.

27

28

On March 31, 2018, Plaintiff's counsel submitted a demand letter to Defendant, asserting the existence of 18 alleged non-conformities.[1]  The first five of these assertions cannot be confirmed without a test drive of the subject vehicle:[2]

> 1.  *Entry step rattles loudly when in transit sounds like its loose and is moving back and forth.*
>
> 2.  *Front corner driver side window has air leak when driving at freeway speeds.*
>
> 3.  *Parking brake warning light and buzzer come on randomly while driving.*
>
> 4.  *Navigation system and satellite radio do not work.*
>
> 5.  *Auto level flashed blue and red saying jacks are down when they are not.*

On February 1, 2019, Defendant's counsel reached out to Plaintiff's counsel requesting a test drive to verify whether the foregoing complaints were continuing.[3]  These complaints are in fact discussed in the report of the Plaintiff's expert, Thomas Bailey, produced on February 11, 2019.[4]  Mr. Bailey's report includes a Matrix entitled "RV Problem Analysis." The first five complaints set forth in that matrix coincide with the complaints discussed above and four of the five complaints are indicated as ongoing problems.[5]

On February 19, at 9:50 p.m., Plaintiff's co-counsel, George West, forwarded an e-mail[6] denying Defendant's request for a test drive of the subject vehicle, stating the following:

//

//

---

[1] *See* Demand Letter, attached hereto as Exhibit A.
[2] *See* Affidavit of Defendant's expert, Enoch Hutchcraft, attached hereto as Exhibit. B.
[3] *See* e-mail dated February 1, 2019, attached hereto as Exhibit C.
[4] *See* report of Thomas Bailey, attached hereto as Exhibit D.
[5] *See* Exhibit D, at p. 10.
[6] *See* e-mail from Plaintiff's counsel, George West, dated February 19, 2019, attached hereto as Exhibit E.

After speaking with Ron (Plaintiff's counsel) late tonight, who is in depositions all day tomorrow in Indiana, and in keeping with Ron's previous position and email to you regarding any driving of the RV as part of your expert's inspection,[7] and after speaking with our expert, and **given the current condition of the sliders, which could very well slide out while driving, among other issues,**[8] and after talking to our expert about the serious **safety issues with driving the vehicle in its current condition,**[9] we will *not* allow the RV to be driven as part of your expert's inspection set for this next Tuesday, February 26th. Your expert can start the engine, do what needs to get done with his inspection or testing while the engine is operating, but no driver operation on city streets.

Our expert conducted the inspection and formulated his opinions without having to drive the vehicle and he would have driven the vehicle, but for the serious safety issues involved with driving the vehicle on public roads. If your expert feels that driving the vehicle is necessary for him to complete his report after conducting all of his testing and inspection without driving the vehicle, then you will need to move for a court order compelling that, and then it will be the Court's call. But we cannot allow our client to be liable for any accidents or other injuries that may occur based on the operation of the vehicle on city streets by your expert in its current condition. Your expert has our expert's report, and everything in that report can be equally tested, inspected, operated and/or photographed. We wanted to make sure we had clarity on this issue prior to the inspection beginning.

Mr. West's e-mail represents the first instance, that could be identified by the undersigned, in which it is claimed that the subject vehicle is unsafe to drive. **Mr. Bailey's report explicitly states that, of the nineteen issues he identified from the vehicle's service history, not one single issue was considered by him to be "Likely to Cause an Accident or Get Someone Seriously Hurt," or be a "Potential Fire Hazard."**[10]

Nowhere in Mr. Bailey's 44 page report does he himself identify any issues that he asserts makes the RV unsafe to drive, nor were any such issues identified by Defendant's expert.[11] The safety

---

[7] Presumably, Mr. West is referring to communications between Mr. Burdge and Defendant's counsel that predated the e-mail communication of February 1, 2019.
[8] Emphasis added.
[9] Emphasis added.
[10] *See* Exhibit D at pp. 10,11.
[11] *See* Exhibit D; *see* Exhibit B.

1    issues complained of concerning the slide-outs for the subject vehicle are not reflected anywhere in

2    the vehicle's service history.[12]

3         Moreover, any safety concerns regarding the slide-out are wholly unfounded.  Slide-outs do

4    not simply fall out or deploy on their own while driving; as they possess internal safety mechanism

5    that prevent such occurrences.[13]

6         By this motion, Defendant's request an order allowing Defendant's expert to perform a test

7    drive of the subject vehicle as part of his inspection to be conducted on February 26, 2019.  Plaintiff's

8    concerns as to the safe drivability of the subject vehicle are wholly without foundation.  Furthermore,

9    it is apparent that the Plaintiff seeks to assert allegations that the Subject Vehicle is unsafe to use in its

10    current state, while at the same time foreclosing the ability of the Defendant's expert to meaningfully

11    investigate these allegations.

12    **III.   ARGUMENT**

13         Defendants' request for a test drive is appropriate pursuant to Federal Rule of Civil Procedure

14    34. Moreover, the information requested is relevant and discoverable under Federal Rule of Civil

15    Procedure 26. Plaintiff's eleventh hour objections concerning their supposed safety concerns have

16    been forced Defendant to bring this Motion to Compel as a result of Plaintiff's compete refusal to

17    cooperate.  Pursuant to Federal Rule of Civil Procedure 37, Defendants request that the Court enter an

18    order compelling Plaintiff to allow a test drive as part of the inspection to be conducted by

19    Defendant's expert.

20         Federal Rule of Civil Procedure 37(a)(2)(B) permits Plaintiff to move for an order compelling

21    Defendant to perform a test drive in accordance with Federal Rule of Civil Procedure 34. The Federal

22    Rules of Civil Procedure are designed to permit broad inquiry into any matter relevant to the pending

23    action. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501 (1947)(explaining Federal Rules of Civil

24    Procedure intended to permit parties to inquire into all facts relative to issues in case and obtain fullest

25    possible knowledge of issues and facts prior to trial). Federal Rule of Civil Procedure 26(b)(1) states,

26    in part, [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the

27    [12] See Exhibit. B.

28    [13] *See* Exhibit. B.

1   claim or defense of any party .... Relevant information need not be admissible at the trial if the

2   discovery appears reasonably calculated to lead to the discovery admissible evidence. The broad scope

3   of discovery is intended to remove surprise from trial preparation so the parties obtain evidence

4   necessary to evaluate and resolve their dispute.  Toward this end, Rule 26(b) is liberally interpreted to

5   permit wide-ranging discovery of all information reasonably calculated to lead to the discovery of

6   admissible evidence. *Kaufman v. Board of Trustees*, 168 F.R.D. 278, 280 (C.D. Cal. 1996).

7         Federal Rule of Civil Procedure 34 permits a party to make a request for inspection and

8   photographing within the scope of Rule 26(b). As Rule 26 states, parties may obtain discovery

9   regarding any matter relevant to the subject matter of the pending action.  Rule 34 is clear that a party

10   must produce and permit the requesting party entry onto property in the possession or control of the

11   party upon whom the request is served.

12         Plaintiff's objections as to the safety and usability of the subject vehicle render the test drive

13   even more essential now than before Mr. West's e-mail of February 19, 2019.  The potential

14   ramifications of such allegations on this litigation are profound and Defendant will be irreparably

15   prejudiced if its expert is not allowed to fully investigate them.  Such prejudice would be in addition to

16   that incurred should Defendant's expert not be allowed to verify and investigate the four issues

17   discussed in Plaintiff's Demand Letter of March 31, 2018 that his expert has indicated as ongoing.

18         Therefore, Defendants seek the Court's intervention compelling Plaintiff to allow a test drive

19   of the subject vehicle.  If for whatever practical reason (not owing to the Plaintiff's unfounded safety

20   concerns) a test drive cannot be conducted on February 26, 2019, the Defendant requests an order

21   from the Court allowing Defendant's expert to conduct the test drive on a subsequent, mutually

22   agreeable date and time, the costs of which to be borne by Plaintiff.

23   / /

24   / /

25

26

27

28

## IV.   CONCLUSION

Plaintiff should be Ordered to allow a test drive of the subject vehicle at the upcoming inspection of February 26, 2019, or else be made to bear the cost of a test drive conducted by Defendant's expert at a subsequent date and time.

DATED this 21 day of February, 2019.

MESSNER REEVES, LLP


By _Nichola Hamilton_____
MICHAEL M. EDWARDS. ESQ.
Nevada Bar No. 6281
NICHOLAS L. HAMILTON, ESQ.
Nevada Bar No. 10893
8945 W. Russell Road, Suite 300
Las Vegas, Nevada  89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
*Attorneys for Defendant*
   *Winnebago Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that I am an employee of Messner Reeves LLP, and that on this _2/_ day of February, 2019, I served a true and correct copy of the foregoing **DEFENDANT'S EMERGENCY MOTION TO COMPEL PER LR 7-4** to all parties on file with the CM/ECF, as follows:

| | |
|---|---|
| George O. West, III | Ronald Burdge, Esq. |
| Law Office of George O. West, III | Burdge Law Office Co. LPA |
| Consumer Attorneys Against Auto Fraud | 8250 Washington Village Drive |
| 10161 Park Run Drive, Suite 150 | Dayton, Ohio 45458-1850 |
| Las Vegas, NV 89145 | Telephone: (937) 432-9500 |
| Telephone: (702) 664-1168 | Facsimile: (937) 432-9503 |
| Facsimile: (702) 664-0459 | Email: ron@burdgelaw.com |
| Email: gowesq@cox.net | *Attorneys for Plaintiff Gordon Wood* |
| *Attorneys for Plaintiff Gordon Wood* | |

_Nicholas Hamilton_

An Employee of Messner Reeves LLP