UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GORDON WOOD,<br><br>　　　　　　　Plaintiff,<br>v.<br>WINNEBAGO INDUSTRIES, INC.,<br><br>　　　　　　　Defendant. | Case No. 2:18-cv-01710-JCM-PAL<br><br>ORDER<br><br>(Emg Mot Compel – ECF No. 26) |

　　　　Before the court is Defendant's Emergency Motion to Compel per LR 7-4 (ECF No. 26). The motion seeks an order compelling plaintiff to allow a test drive of the recreational vehicle, which is the subject of plaintiff's complaint.  The motion was filed as an emergency motion because the inspection is scheduled for February 26, 2019.

　　　　Defendant seeks an order compelling plaintiff to allow its expert to test drive the vehicle asserting driving the vehicle "is a necessary and essential component of the investigation to be conducted by Defendant's expert, and that significant and unnecessary costs will be incurred should Plaintiffs be compelled by Court Order to allow the test drive as part of a separate, subsequent inspection."  Counsel for the parties have conferred about this issue but plaintiffs' counsel refuses to allow a test drive, citing safety concerns, "short of judicial intervention."

　　　　A copy of the February 19, 2019 email stating the position of plaintiffs' counsel is quoted in the motion and attached as an exhibit to the motion.  Briefly summarized, plaintiffs' counsel represented that after communicating with their expert, and given the current condition of the vehicle, plaintiffs had "serious safety issues with driving the vehicle in its current condition." Plaintiffs' counsel advised that the defense expert could "start the engine, do what needs to be done with his inspection or testing while the engine is operating, but no driver operation on city streets."  Plaintiffs' counsel represented that their expert conducted an inspection and formulated

1

his opinions without driving the vehicle and "he would have driven the vehicle but for the serious safety issues involved with driving the vehicle on the public roads."  The email expressed concern about plaintiffs' liability exposure for accidents or injuries that might occur with operating the vehicle in its current condition.

This case involves breach of contract/breach of warranty and related claims arising out of plaintiffs' 2017 purchase of a Winnebago.  Plaintiffs claim the vehicle has numerous defects and simply does not run right despite numerous repairs or attempts to repair at an authorized service center.  Plaintiffs filed their complaint when defendant did not agree to demands made in 2018 to repurchase the vehicle, refund purchase money, and pay fees and costs and other damages.

Defendant's expert submitted an affidavit with the motion attesting that nothing about the plaintiffs' complaints, the service history of the vehicle, the report of plaintiffs' expert or his photos or video suggest the vehicle is unsafe to drive.

The motion does not address whether the vehicle may lawfully be driven on public streets, roads, or highways. The court has no information concerning whether it complies with all state and local statutes and codes permitting it to be driven, for example, whether it is licensed, registered and insured.  Moreover, plaintiffs represent their expert inspected but did not drive the vehicle and that his opinions were formulated without driving the vehicle.  Under these circumstances the court will require plaintiffs to allow defendant's expert to start the engine and conduct his inspection and/or testing but will not compel plaintiffs to allow the vehicle to be driven on public streets, roads or highways.

Having reviewed and considered the matter,

**IT IS ORDERED** that Defendant's Emergency Motion to Compel per LR 7-4 (ECF No. 26) is **DENIED**.

DATED this 22nd day of February 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE