1  MICHAEL M. EDWARDS. ESQ.
   Nevada Bar No. 6281
2  NICHOLAS L. HAMILTON, ESQ.
   Nevada Bar No. 10893
3  MESSNER REEVES LLP
   8945 W. Russell Road, Suite 300
4  Las Vegas, Nevada  89148
   Telephone:    (702) 363-5100
5  Facsimile:    (702) 363-5101
   medwards@messner.com
6  nhamilton@messner.com
   *Attorneys for Defendant*
7  *Winnebago Industries, Inc.*

8  KELTON G. BUSBY, ESQ.
   Arizona Bar No. 022834
9  KERRY M. GRIGGS, ESQ.
   Arizona Bar No. 016519
10 THE CAVANAGH LAW FIRM
   1850 North Central, Suite 2400
11 Phoenix, Arizona 85004
   Telephone: (602) 322-4000
12 Facsimile: (602) 322-4100
   kbusby@cavanaghlaw.com
13 kgriggs@cavanaghlaw.com

14 *Attorneys for Defendant*
   *Winnebago Industries, Inc.*

15

16                    UNITED STATES DISTRICT COURT

17                        DISTRICT OF NEVADA

18 GORDON WOOD, an Individual,              Case No.:  2:18-cv-01710-JCM-BNW

19                 Plaintiff,

20 v.

21                                          **DEFENDANT'S REPLY IN SUPPORT OF
                                            DEFENDANT'S PARTIAL MOTION FOR
   WINNEBAGO INDUSTRIES, INC.,              SUMMARY JUDGMENT**
22
                   Defendant.
23

24

25        Defendant, Winnebago Industries, Inc. ("Defendant"), by and through its counsel of record,

26 Michael M. Edwards, Esq. and Nicholas Hamilton, Esq., of Messner Reeves LLP, and Kelton G.

27 Busby, Esq and Kerry M. Griggs, Esq. of The Cavanagh Law Firm respectfully submits this Reply in

28 Support of its motion for an order entering partial summary judgment in favor of the Defendant.  This

MESSNER REEVES LLP
ATTORNEYS AT LAW

motion is made pursuant to Fed. R. Civ. P. 56, the following memorandum in support, any papers and pleadings on file, any oral argument adduced by counsel, and any other matters appropriate for this Court's determination.

DATED this 23rd day of August, 2019.

MESSNER REEVES LLP

MICHAEL M. EDWARDS. ESQ.
Nevada Bar No. 6281
NICHOLAS L. HAMILTON, ESQ.
Nevada Bar No. 10893
8945 W Russell Road, Suite 300
Las Vegas, Nevada  89148

KELTON G. BUSBY, ESQ.
Arizona Bar No. 022834
KERRY M. GRIGGS, ESQ.
Arizona Bar No. 016519
THE CAVANAGH LAW FIRM
1850 North Central, Suite 2400
Phoenix, Arizona 85004

*Attorneys for Defendant Winnebago Industries, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action involves allegations of breach of warranty, breach of contract and related claims arising from Plaintiff's April 22, 2017 purchase of a new 2016 Winnebago Grand Tour WKR42HL Motorhome (referred to as the "RV") from non-party Giant RV in Colton, California. Plaintiff claims that his RV is defective, however, his own expert, Thomas Bailey, confirms that every single one of the issues that were presented for repair were repaired on the first attempt by non-party Camping World Las Vegas. While Mr. Bailey alleges some of these repairs have resurfaced, Plaintiff has not presented any of these resurgent issues for repair.

Additionally, Plaintiff asserts over one hundred and thirty "additional discovery issues" that were not complained of prior to the inception of litigation, which Defendant has not had the opportunity to repair, inspect or cure. In fact, the Plaintiff's complaints of issues with the rear-curbside slide-out were not raised until Mr. Bailey produced his supplemental report dated March 11, 2019, *six days after* Defendant's expert performed his own inspection.

By this Motion for Partial Summary, Defendant seeks a dispositive ruling in favor of Defendant as to each of the following points of law and fact:

### i.   Plaintiff has no claims under the Magnusson-Moss Warranty Act that are independent of his claims for breach of contract.

Defendant's warranty is an express, limited warranty that is not subject to the minimum requirements of full warranties set by 15 USC § 2304 and any claim for breach of warranty must follow the contours of Nevada State law. Plaintiff's attempt to engraft the reasonableness requirements of other states onto the actual standard applied in Nevada courts must fail.

Plaintiff's claim for a technical violation of 16 C.F.R. §701.3 fails on its face as Defendant's New Vehicle Limited Warranty (NVLW) clearly complies with the requirements of that statute.

### ii.   Defendant's relationship with its dealers does not give rise to an agency relationship based upon either actual or apparent authority.

Contrary to the conclusory allegations of the Plaintiff's complaint, no evidence exists to establish an agent/principal relationship between Defendant, Giant RV and Camping World. The

1    mere fact that Camping World and Giant RV are authorized dealers is insufficient, as a matter of law,

2    to establish actual agency authority, and Defendant has done nothing to cloak Giant RV or Camping

3    World with apparent agency authority.  Defendant requests a ruling establishing that neither Giant RV

4    nor Camping World are agents of Defendant in any capacity.

5          **iii.    Plaintiff's sole and exclusive remedy is the repair and replacement of parts, as set
            forth by the terms of Defendant's express limited warranty.**

6

7          Nevada law allows for the modification of remedies for breach of warranty and breach of

8    implied warranties of merchantability and fitness for a particular purpose.  Defendant's express

9    limited warranty plainly limits recoverable damages under the contract to money damages equal to the

10   reasonable cost for material and labor necessary to correct defects. This limitation is clear,

11   unambiguous, fair to all parties, and permissible under the Nevada Uniform Commercial Code, and

12   not unconscionable as the Plaintiff claims.

13         **iv.    The "additional discovered issues" discussed in the initial report of Plaintiff's
            expert, and the slide-out issues raised in his supplemental report, were not
            presented to Defendant for repair prior to the inception of litigation, which is a
            condition precedent per 15 USC §1210(e) and the express limited warranty and
            are not properly before the Court.**

14

15

16         Compliance with the 'reasonable opportunity to cure' requirement imposed by 15 USC

17   §2310(e) is a condition precedent to pursuing claims under the Federal Warranty Act.  The Plaintiff

18   filed his complaint on July 31, 2018.   When the Plaintiff's expert, Thomas Bailey, inspected the

19   Plaintiffs' RV on January 3, and 16, 2019, he supposedly discovered one-hundred and thirty-three

20   "additional discovered issues" including claims of water intrusion that had not been raised previously,

21   and are therefore barred by statute. Additionally, Mr. Bailey's subsequent opinions concerning one of

22   the RV slide outs were not raised until the production of his supplemental report dated March 11,

23   2019, six days after Defendant's inspection of the RV, and are, therefore, barred by statute.  Plaintiff

24   has not allowed Defendant an opportunity to cure these newly disclosed issues and summary judgment

25   should be granted in favor of Defendant as to each of them as a matter of law.

26         Plaintiff claims these issues are relevant to issue of unconscionability of the limitation of

27   remedies found in Defendant's NVLW.  This argument fails, as unconscionability in Nevada is

28   determined at the time of contract.  Moreover, the NVLW did not fail of its essential purpose, as

Plaintiff claims.    Therefore the limitation of remedies applies to this matter and Plaintiff's protestations of unconscionability are rendered moot under the law.

      **v.    Whereas Defendant's express limited warranty is not governed by 15 USC §2304, Plaintiff cannot argue that Defendant breached its warranty by not repairing any claimed issues within a "reasonable number of attempts" or within a "reasonable amount of time."**

The minimum standards for warranties set forth by, and controlled by, §2304, as well as the remedies, only apply to full warranties, per §2304.  Defendant's express limited warranty is not subject to §2304 and, therefore, the standard of reasonable number of repair attempts within a reasonable amount of time is inapplicable.  Defendant requests a ruling to that effect.  Plaintiff's attempts to engraft the requirements of other jurisdictions fail for similar reasons.

      **vi.    Plaintiff's claims under Nev. Rev. Stat. 41.600(E)/598.0915 (5), (7), (9) fail as a matter of law.**

Plaintiff cannot support a claim for violation of the breach of the Nevada Deceptive Trade Practices Act by merely rehashing his defect allegations.  Plaintiff purchased the RV from Giant RV, not the Party Defendant in this litigation.  The few sales materials disclosed by Plaintiff are themselves insufficient as a matter of law and do not create a triable question of fact.

**II.    ISSUES RAISED AND CONCEDED BY THE PLAINTIFF**

The following issues, raised in Defendant's Motion, were not-opposed by Plaintiff in his Opposition:

      **i.    Plaintiff has Waived any claim for rescission or revocation of acceptance under either 15 USC 2304 or Nev. Rev. Stat. 41.600(2)(e)/598.92 (8), (9).**

Plaintiff's Opposition did not dispute that he does not have the power to revoke acceptance of the RV under Nev. Rev. Stat. 598.092 (8) and (9) as against that manufacturer, as the statutory remedy is only available against the seller.  Additionally, Plaintiff clarified that he is not seeking a refund or replacement under 15 U.S.C. § 2304.[1]

/ / /

/ / /

---

[1] *See* Opposition, p. 13:8-14

1    As such Plaintiff has waived any claim of rescission or revocation of acceptance.

2        ii.    **Each of Plaintiff's Claims are Governed by Nevada Law.**

3    Plaintiff agrees that Nevada Law controls in this case.[2]

4  **III.    RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS**

5  **1-5.**    The proffered documents are the best evidence of their contents and, therefore, speak for

6  themselves.  There is no foundation offered that the referenced documents were provided to Plaintiff,

7  that Plaintiff provided them to his counsel, or that Plaintiff relied upon the offered brochures to any

8  degree in deciding to purchase his RV.

9  **6.**    Plaintiff's affidavit references sales brochures that he purports to have reviewed and relied

10 upon prior to his purchase of the RV.  The Plaintiff testified at his deposition that he could not recall

11 any promotional material in particular that led him to his purchase of his motor home.[3]

12 **7.**    Defendant does not dispute this paragraph for the purpose of this motion.

13 **8, 9.**    Defendant admits that Giant RV is authorized by Defendant to perform work that falls within

14 the scope of the NVLW that covered the Subject Vehicle.  However, any repairs performed by Giant

15 RV prior to or at the time of retail are not material to Defendant's motion or to Plaintiff's opposition.

16 **10.**    The Bill of Sale is the best evidence of its contents and, therefore, speaks for itself.  Its

17 contents are not material to Defendant's Motion.

18 **11.**    Defendant disputes that the New Vehicle Limited Warranty "NVLW" [4] formed the basis of the

19 bargain insofar as Plaintiff denied even considering the warranty when he made the purchase of the

20 RV. [5]

21 **12.**    Defendant's NVLW (Exhibit F) is the best evidence of its contents and, therefore, speaks for

22 itself.

23 **13**.    Admit that the NLVW required Plaintiff to bring the RV into authorized Winnebago service

24 center for any and all warranty repairs.  Deny to the extent that Plaintiff was required by the warranty

25 to Contact Winnebago Owner Relations in writing and advise them of the failure or inadequacy,

---

26 [2] *See* Opposition, p. 12:7-11.
27 [3] *See* Excerpts of transcript of deposition of Gordon Wood, attached hereto as **Exhibit N**, at p. 30:8-22.
   [4] *See* Defendant's Exhibit F.
28 [5] *See* Defendant's Exhibit H.

1  including a list of the defects, and provide Winnebago an opportunity to repair the motorhome prior to

2  claiming a breach of this warranty. [6]

3  **14.**   The Bill of Sale is the best evidence of its contents and, therefore, speaks for itself.  Its

4  contents are not material to Defendant's Motion.

5  **15, 16, 17.**   The complaints reported by Plaintiff on October 21, 2017 are documented

6  independently by repair records from Camping World. [7]

7  **18.**   For the purpose of Defendant's motion, Defendant does not dispute that Camping World is an

8  authorized service center within the meaning contemplated by the NVLW.

9  **19.**   For the purpose of Defendant's motion, Defendant does not dispute that Camping World is an

10  authorized service center as contemplated by the NVLW.

11  **20.**   Defendant does not dispute that the NLVW was in effect when Plaintiff brought the RV to

12  Camping World for repairs.

13  **21, 22.** The referenced documents, reflecting that the RV accrued 4,339 miles between April 22, 2017

14  and October 31, 2017, is the best evidence of its contents and, therefore, speak for themselves.

15  **23.**   Admit.

16  **24.**   The referenced repair records for Camping World, reflecting repairs made to Plaintiff's RV

17  and how those charges were billed, is the best evidence of its contents and, therefore, speak for

18  themselves.

19  **25.**   Plaintiff was given the option to pick up the RV on March 21, 2018 while Camping World

20  Awaited delivery of a replacement door from the bedroom to the lounge.  Plaintiff explicitly declined

21  to do so.[8]

22  **26.**   Any issue, including those Plaintiff alleges was discovery by his expert, Tom Bailey, claimed

23  by Plaintiff concerning the subject RV that arose any time after July 10, 2018 is material to

24

25

26

27  [6] *See* Defendant's Exhibit F.
[7] *See* Defendant's Exhibit H.

28  [8] *See* Defendant's Exhibit I at p. 92:12-25; 93:1-7; *see* Exhibit H at DEF000402.

1  Defendant's Motion only to the extent that it was ever presented to Winnebago or an authorized

2  service center prior to the inception of litigation. [9]

3  **27.**      For the purpose of Defendant's motion, Defendant does not dispute that Plaintiff's RV has

4  remained at his property since returning from British Colombia in 2018.

5  **28.**  Admit.

6  **29-34.** Mr. Bailey's opinions are controverted by Defendant's Expert, Enoch Hutchcraft, whose

7  reports are attached hereto. [10] Notwithstanding, any issue, including those Plaintiff alleges was

8  discovery by his expert, Tom Bailey, claimed by Plaintiff concerning the subject RV that arose any

9  time after July 10, 2018 is material to Defendant's Motion only to the extent that it was never

10 presented to Winnebago or an authorized service center prior to the inception of litigation. [11]

11 **35.**      Defendant admits that Winnebago Fed. R. Civ. Pro. 30(b)(6) designee, Steve Mary, conceded

12 that the number of days spent to complete the repairs to the Plaintiff's RV was unusual.  However,

13 Winnebago does not have complete control over its dealers, which are independently owned and

14 operated businesses.[12]

15 **36.**      Mr. Bailey's opinions are controverted by Defendant's Expert, Enoch Hutchcraft, whose

16 reports are attached hereto.[13]  Notwithstanding, Mr. Bailey's opinions concerning diminished value

17 are not material to Defendant's Motion, as remedies for breach of implied warranties is subject to

18 limitations set by Defendant's NVLW. [14]

19 **37.**      Mr. Bailey's opinions are controverted by Defendant's Expert, Enoch Hutchcraft, whose

20 reports are attached hereto.[15]  Notwithstanding, Mr. Bailey's opinions concerning diminished value

21 are not material to Defendant's Motion, as such claims fall outside of the scope of remedies allowed

22 by Defendant's NVLW. [16]

23

---

[9] *See* Plaintiff's Statement of Facts at ¶¶25, 26, 27, 28.
[10] *See* Reports of Enoch Hutchcraft, attached hereto as Defendant's **Exhibit O**.
[11] *See* Plaintiff's Statement of Facts at ¶25, 26, 27, 28.
[12] *See* Excerpts of transcript of deposition of Steve Mary, attached hereto as **Exhibit P**, at p.170:11-25.
[13] *See* Defendant's Exhibit J.
[14] *See* Defendant's Exhibit F.
[15] *See* Defendant's Exhibit J.
[16] *See* Defendant's Exhibit F.

1    **38, 39**. When Plaintiff discover any alleged issue concerning the slide out or water intrusion via the

2    awning grommets is immaterial to Defendant's motion, except insofar as these issues were never

3    presented to Winnebago for inspection and repair per the terms of its warranty.

4    **40**.      According to Plaintiff, nineteen of twenty repairs were performed by Camping World at no

5    cost to hm.[17] There is no evidence the Plaintiff ever contacted Winnebago Owner Relations in writing

6    and advised them of the claimed failure or inadequacy, including a list of the defects, and provide

7    Winnebago an opportunity to repair the motorhome prior to claiming a breach of this warranty as

8    required by the NVLW. [18]

9    **41, 42**. Plaintiff's declaration that "if had known about the RV's many problems, he never would have

10    purchased the RV," or his lay opinion of the present value of the RV, is not material to Defendant's

11    Motion. According to Plaintiff, nineteen of twenty repairs were performed by Camping World at no

12    cost to hm.[19] There is no evidence the Plaintiff ever contacted Winnebago Owner Relations in writing

13    and advise them of the failure or inadequacy, including a list of the defects, and provide Winnebago

14    an opportunity to repair the motorhome prior to claiming a breach of this warranty as required by the

15    NVLW. [20]

16    **43**.      The Plaintiff took to RV to San Diego for a trip lasting six weeks shortly after its purchase. [21]

17    Plaintiff's wife stayed in the RV for the entire six week period.[22] Plaintiff then drove the RV to

18    British Colombia, where it remained for four to six weeks.[23] After picking up the RV from Camping

19    World on or about July 10, 2018, the Plaintiff drove the RV to British Colombia where it remained

20    until the Plaintiff drove it back in the "late summer, early fall" of 2018.[24] Neither Plaintiff's testimony

21    nor his affidavit indicates that he was required to cut short his last trip to British Colombia.

22    **44, 45**. The quoted portions of Mr. Mary's testimony speak for themselves.

23

24    [17] *See* Plaintiff's Statement of Facts at ¶24; *See* Defendant's Exhibit I at p. 112:24-25; 113:3-8.
     [18] *See* Defendant's Exhibit F

25    [19] *See* Plaintiff's Statement of Facts at ¶24; *See* Defendant's Exhibit I at p. 112:24-25; 113:3-8.
     [20] *See* Defendant's Exhibit F

26    [21] *See* Defendant's Exhibit I at p. 48:8-14

27    [22] *See* Defendant's Exhibit I at p. 49:12-15.
     [23] *See* Defendant's Exhibit I at P. 49:19-21

28    [24] *See* Defendant's Exhibit I at P. 51:13-24

**46**.     The quoted portion of Mr. Mary's testimony speaks for itself, but is grossly mischaracterized by Plaintiff.  Mr. Mary simply explains the requirement that dealers perform pre-delivery inspections to deal with problems that may arise prior to retail. [25]

**47**.     The quoted portion of Mr. Mary's testimony speaks for itself. [26]

**48**.     Mr. Mary's testimony concerning a "shakedown" period or any expectation whether *any* RV may require repairs is extraneous and wholly immaterial to Defendant's motion or to Plaintiff's opposition.  Plaintiff has not claimed any overlap between the issues addressed by Giant RV upon delivery, repairs done upon retail, or those matters complained of by Plaintiff on or about October 31, 2017 when he brought his RV to Camping World.

**49**.     Mr. Mary's testimony concerning a "shakedown" or any expectation whether *any* RV may require repairs is extraneous or whether this expectation is communicated to any buyer is wholly immaterial to Defendant's motion or to Plaintiff's opposition.  Plaintiff has not claimed any overlap between the issues addressed by Giant RV upon delivery, repairs done upon retail, or those matters complained of by Plaintiff on or about October 31, 2017 when he brought his RV to Camping World.

## IV.     ARGUMENT

### A.  Plaintiff's Claims for Breach of Warranty are Subject to Nevada State Law

Defendant issued an express limited written warranty along with the RV.[27]  The fact that Defendant's New Vehicle Limited Warranty ("NVLW") is warranty that is limited operates to foreclose any claim that the NVLW fails to conform to the minimum standards for warranties set by 15 U.S.C. §2304.[28]  While Plaintiff appears to agree with this proposition in principle, his opposition raises issues that must be addressed.

To reiterate, under controlling law interpreting the MMWA, only *full* warranties are required to comply with the requirements of the MMWA. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405

---

[25] *See* Defendant's Exhibit K, at p. 207:6-25; 208:1-8.
[26] *See* Defendant's Exhibit K, at p. 208:1-8.
[27] *See* Defendant's SOF 5
[28] *See Schimmer v. Jaguar Cars, Inc.*, 3 84 F .3 d 402, 405 (7th Cir.2004) (stating MMWA's substantive remedies only applicable to full warranties); Bailey v. Monaco Coach Corp., 350 F. Supp. 2d 1036, 1042 (N.D. Ga.2004), affd, 168 F. App'x 893 (11th Cir. 2006) ("Only full warranties are required to meet the minimum standards set forth in 15 U.S.C. § 2304").

1   (7th Cir. 2004); *Sipe v. Fleetwood Motor Homes of Pennsylvania, Inc.*, 574 F.Supp.2d 1019, 1024 (D.

2   Minn. 2008); *Harlan v. Roadtrek Motorhomes, Inc.*, No. 07-CV-0686 IEGBLM, 2009 WL 928309, at

3   *15 (S.D. Cal. Apr. 2, 2009), citing *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 919 n. 4

4   (9th Cir.2005); *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166-67 (5th Cir. 1979) (finding that the

5   legislative history of Magnuson-Moss implies that courts must look to state law in determining the

6   measure of damages for limited express warranties).

7        The MMWA is virtually silent with respect to the damages available for a breach of a limited

8   warranty, and courts look to applicable state law to determine the damages available for such a breach.

9   *See Lara v. Hyundai Motor America*, 770 N.E.2d 721 (Ill. App. Ct. 2002) (finding that in the absence of

10   any requirements for limited warranties under Magnuson-Moss, the court will look to its state

11   warranty law); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986); *Haugland v.

12   Winnebago Indus.*, 327 F. Supp. 2d 1092, 1096 (D. Ariz. 2004). Indeed, the MMWA is meant to

13   supplement state law, not supplant it.

14                    **a.   So-called "reasonableness requirements" concerning the number and
                              timeliness of repair events that are the product of federal law or the law of
15                            other states are inapplicable.**

16        Plaintiff's opposition conflates the requirements of §2304 and the statutes of other states to

17   argue that any failure to effect any repair, *or* any failure to effect a repair within a reasonable amount

18   of time, results in a breach of warranties.  None of the authorities cited by Plaintiff explicitly impose a

19   duty as a matter of Nevada law that repairs must be completed within the a reasonable amount of time

20   or within a reasonable number of attempts, or that repairs must be completed within reasonable

21   amount of time for a consumer to attain the benefit of the bargain.  Each case cited by the Plaintiff

22   looks to 15 USC §2304, which Plaintiffs concede is inapplicable to this case,[29] and to the laws of the

23   foreign state.  *Cats v. Monaco RV, LLC*, No. C15-1585-JCC, 2016 WL 5253204, at *5 (W.D. Wash.

24   Sept. 22, 2016)(Applying 15 U.S.C. § 2304(a)(4))[30]; *Harlan v. Roadtrek Motorhomes, Inc.*, No. 07-

25

26   ---
     [29] *See* Opposition at p. 15:4-9.
27   [30] The Court in Cats v Monaco actually concluded that a "single [repair] attempt does not meet the statutory
     threshold of § 2304."  *Id.*, citing *Temple v. Fleetwood Enterprises, Inc.*, 133 Fed. Appx. 254, 368 (6th Cir.
28   2005) ("In determining whether or not a seller is given a reasonable amount of time or a reasonable number of

1  CV-0686 IEGBLM, 2009 WL 928309, at *15 (S.D. Cal. Apr. 2, 2009)(applying California law after

2  stating that §2304 only applies to full and not limited warranties); *Rice v. Newmar Corp.*, No. CV-08-

3  1159-PHX-SRB, 2009 WL 10673088, at *5 (D. Ariz. Dec. 23, 2009)(applying Arizona law to breach

4  of warranty action); *Karlowitsch v. Evergreen Recreational Vehicles LLC*, No.

5  214CV02159MMDVCF, 2016 WL 4744133, at *2 (D. Nev. Sept. 12, 2016)(This case only mentions

6  that the plaintiff claimed repairs had not been completed within a reasonable amount of time; it does

7  not discuss what is considered reasonable time, nor does the opinion cite to any authorities; the court

8  simply ruled that a factual dispute existed as to the nature and sufficiency of repairs and denied

9  summary judgment on that basis). *Bello v. Caterpillar Inc.*, No. 17-22326-CIV, 2018 WL 2214709, at

10  *3 (S.D. Fla. Apr. 10, 2018)("[L]imited warranties are not subject to the federal minimum standards

11  […]"); *see also Bello*, at *5 (Applying Florida warranty law); *Bristol Vill., Inc. v. Louisiana-Pac.*

12  *Corp.*, 170 F. Supp. 3d 488, 508 (W.D.N.Y. 2016)(applying New York's Uniform Commercial Code),

13  *Kraft v. Staten Island Boat Sales, Inc.*, 715 F. Supp. 2d 464, 475 (S.D.N.Y. 2010) (applying New

14  York's Uniform Commercial Code).

15        Plaintiff's claim for breach of Defendant's limited warranty must follow the contours of

16  Nevada State law.  A breach of warranty claim under Nevada law requires proof that (1) a warranty

17  existed, (2) the defendant breached the warranty, and (3) the defendant's breach was the proximate

18  cause of the loss sustained. *Karlowitsch v. Evergreen Rec. Vehicles LLC*, 2016 U.S. Dist. LEXIS

19  123074, *5-6 (D. Nev. Sep. 12, 2016); *Nevada Contract Servs., Inc. v. Squirrel Companies, Inc.*, 119

20  Nev. 157, 68 P.3d 896, 899 (Nev. 2003).  In other words, Plaintiff must establish that Defendant

21  breached its limited express warranty by not complying with its terms.

22                    **b.  Claims for breach of implied warranty of merchantability are**

23                       **appropriately limited by the NVLW and those limitations are not**
                     **unconscionable.**

24        Defendant's NVLW does not seek to wholly disclaim breach of implied warranties, rather it

25  limits the remedy or any such breach to "money damages in an amount equal to the reasonable cost

26

27  (cont.)
attempts to cure a defect, the Magnuson-Moss Act contemplates that a seller will be given at least two chances

28  to remedy an alleged defect.").

1  for material and labor necessary to correct the defect or defects upon which the finding of breach of

2  implied warranty is based."[31] Without citing any authorities in support, the Plaintiff claims that this

3  provision is "procedurally and substantively unconscionable" because it requires the Plaintiff to

4  identify latent defects himself.

5    "A contract is unconscionable **only** when the clauses of that contract and the circumstances

6  existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise

7  an innocent party." *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 89 Nev. 414, 418, 514 P.2d 654,

8  657 (1973).   As a general rule, limitations of remedies excluding consequential damages are

9  unconscionable on their face only when they preclude consumers from recovering consequential and

10  incidental damages due to personal, rather than purely economic, injuries. *Sk*iles *v. Reno Dodge*

11  *Sales, Inc.*, No. 208CV01365RLHPAL, 2009 WL 10710370, at *3 (D. Nev. Jan. 28, 2009), citing

12  Nev. Rev. Stat. § 104.2719(3); *see also Lee v. Mercedes-Benz USA, LLC*, 622 S.E.2d 361, 362 (Ga.

13  Ct. App. 2005). Because Plaintiff has not suffered personal injury as a result of Defendants'

14  supposedly defective RV, the contractual provision at issue is subject to the same unconscionability

15  analysis as any other contractual provision.

16      **c.   The NVLW did not fail of its essential purpose.**

17    The Plaintiff's claims for breach of contract, breach of warranty and breach of implied

18  warranties are all subject to the exclusive remedy prevision of Defendant's NVLW.  *Clemens v.*

19  *DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)("claims under [MMWA] stand or fall

20  with [a plaintiff's] express and implied warranty claims under state law" and a "court's disposition of

21  the state law warranty claims determines the disposition of the [MMWA] claims.").

22    To avoid the effects of that provision, the Plaintiff must establish that the warranty fails of its

23  essential purpose per Nev. Rev. Stat. § 104.2719(2).

24    Plaintiff asserts in his opposition that he may assert a claim for failure of essential purpose as

25  the repairs to the RV took an unreasonable amount of time.  However, Plaintiff's opposition fails to

26  identify a single Nevada statute, opinion or other authority that establishes that any singular failure to

27

28  [31] *See* Defendant's SOF 6.

1  perform a repair within a "reasonable" period of time, in and of itself, will cause a limited repair or

2  replace warranty to fail its essential purpose.  In *Newmar Corp. v. McCrary*, 129 Nev. 638, 645, 309

3  P.3d 1021, 1026 (2013), the limited warranty in that case was considered to have failed its essential

4  purpose after it experienced significant electrical problems, making it unsafe to drive, resulting in

5  repeated delays, canceled vacation plans, numerous repairs at the factory and other repair shops.

6  *Newmar Corp. v. McCrary*, 129 Nev. 638, 640, 309 P.3d 1021, 1023 (2013).[32], [33]

7  **d.  Defendant complied with the NVLW, Plaintiff did not.**

8  Plaintiff was under a clear and explicit obligation to permit Defendant an opportunity to repair

9  the vehicle prior to asserting a breach of warranty claim.  Once again, the text of the express limited

10  warranty sets forth the Plaintiffs obligations in this regard:

11  **Obtaining Warranty Repairs:**

12  Except as otherwise provided herein, to obtain warranty repairs, you must, at
your own cost, present your motorhome to an authorized Winnebago service

13  facility during normal business hours and provide a written list of items to be
inspected or repaired to the service facility and Winnebago. **In the event you**

14  **feel the repairs made by an authorized service center failed or are otherwise
inadequate, you must contact Winnebago Owner Relations in writing and**

15  **advise them of the failure or inadequacy, including a list of the defects, and
provide Winnebago an opportunity to repair the motorhome prior to**

16  **claiming a breach of this warranty**. Winnebago may require you to deliver the
motorhome to another authorized service center or its facilities in Forest City,

17  Iowa. If Winnebago requests you to bring the motorhome to Forest City, Iowa,

18  Winnebago may cover the reasonable cost of transporting the motorhome to and
from Forest City, Iowa. Refusal to allow Winnebago an opportunity to repair the

19  motorhome voids warranty coverage for that repair.[34]

20

21

22  [32]  The South Dakota case of *Ehlers v. Chrysler Motor Corp.*, 88 S.D. 612, 615, 226 N.W.2d 157, 158 (1975) is
distinguishable as that case involved an automobile.  In fact, virtually all warranty cases involving automobiles

23  are factually distinguishable from those involving motor homes.  It is recognized that the manufacture of motor
homes present unique circumstances. *See e.g.* Nev. Rev. Stat. Ann. § 597.600(2), exempting motor homes from

24  Nevada's "Lemon Law."
[33]  In California for example, the limitation of remedy or replacement "**fails of its essential purpose only if**

25  **repeated repair attempts are unsuccessful within a reasonable time.**" *Pac. Pulp Molding, Inc. v. Burchfield*,
No. 15-CV-1602-AJB-MDD, 2016 WL 6103086, at *4 (S.D. Cal. Jan. 27, 2016),  *citing Philippine Nat'l Oil*

26  *Co. v. Garrett Corp.*, 724 F.2d 803, 808 (9th Cir. 1984) (emphasis added).
[33]  Indeed, any buyer could frustrate the warrantor's intended purpose of any limited warranty if he deprives the

27  warrantor of an opportunity to repair. *Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 635 F.2d 1081, 1085 (3d
Cir. 1980).

28  [34] *See* Exhibit F, emphasis added.

{03654785 / 1}                                              14

Here, it is undisputed that the Plaintiff presented his RV for repair on only one occasion.  The first and only post-retail service event occurred on October 31, 2017, when Plaintiff presented his RV to the Service Department of Camping World Las Vegas. [35]  All repairs that have been performed post-retail were performed by Camping World from October 31, 2017 to July 10, 2018.[36]

While the Plaintiff claims the length of time required for the repairs was unreasonable, the Plaintiff ignores the fact that he was notified on March 21, 2018 that he could pick up and use his RV, however the Plaintiff declined and acknowledged in writing that that he had been given the opportunity to take back his RV.[37]  Plaintiff's Motion does not point to any evidence laying fault for undue delay at the feet of Winnebago employees.  Plaintiff claims that the employees of Camping World were agents Winnebago.  This claim is meritless as discussed below.  Notwithstanding, Plaintiff must first establish agency, which he cannot do, otherwise he has no means of laying even any alleged unreasonable conduct at the feet of Winnebago.

Taking the Plaintiff's representations as accurate, eleven of the nineteen items he complained of when he first brought his RV to Camping World were repaired and never reoccurred.  If there is evidence that ANY [38] of the nineteen issues originally complained of were apparent when the picked up his RV on July 10, 2018, it is absent from the record.  However, when the eight issues asserted by the Plaintiff in his affidavit supposedly resurfaced, they were never brought to Winnebago's attention for inspection and repair per the terms of the NVLW, nor did he present his RV for inspection and repair upon "discovering" Mr. Bailey's "133 additional defects."  If any party acted to frustrate the purpose of the NVLW, it was the Plaintiff himself.

Whereas the Plaintiff failed to follow the terms of the agreement and avail himself of available remedies, it cannot be determined whether the warranty would have been adequate to ensure that

---

[35] *See Defendant's SOF ¶ 9.*
[36] *See* Defendant's SOF ¶ 9.
[37] *See* Defendant's Response to Plaintiff's SOF, at ¶25.
[38] Moreover, Mr. Bailey's report explicitly states that each of the nineteen issues that were brought to Winnebago's attention were repaired on the first attempt. See SOF ¶¶ 14, 15. Defendant acknowledged in their motion that Mr. Baileys claimed eight issues were present form the original nineteen at the time of his inspection, but there is no changing the wording of his report, and these are entirely consistent with Camping World Repair records that show that its employees worked diligently to address each issue raised by the Plaintiff.

1   Plaintiff received his benefit of the bargain. *See Siemens Med. Sys., Inc. v. Nuclear Cardiology Sys.,*

2   *Inc.*, 945 F. Supp. 1421, 1432 (D. Colo. 1996).  Whereas the Plaintiff cannot claim the warranty failed

3   of its essential purpose, the explicit limitation of remedies provision must be found to apply to each of

4   the Plaintiffs' claims.

5             **e.  Plaintiff's half-hearted attempt to frame a violation of 16 C.F.R. §701.3
                    fails on its face.**

6

7         Plaintiff's Opposition asserts that Defendant's NVLW fails to satisfy the requirements of 16

8   C.F.R. §701.3 by not including the following phrase:

9         Some States do not allow limitations on how long an implied warranty lasts, so the above

10  limitation may not apply to you.[39]

11        This statement does in fact appear on the Defendant's NVLW, on the bottom right corner of the

12  first page:[40]

13

14        Incidental and consequential damages – such as towing or transport
          charges, aggravation, inconvenience, lost profits, wages, or income,
15        loss of use, vehicle rental charges, and telephone, food, and lodging
          costs – are not recoverable from Winnebago for breach of this
16        NVLW or an implied warranty under any circumstances.  **NOTE:**
          Some states do not allow the exclusion or limitation of incidental or
17        consequential damages, so the above exclusion may not apply to
          you.

18

19        Immediately preceding this paragraph is the provision establishing cost of repair as the sole

20  and exclusive remedy:

21        **Sole and Exclusive Remedy/Damages Exclusion:**

22        Your sole and exclusive remedy in a proceeding for breach of this NVLW is
          money damages in an amount equal to the reasonable cost for material and labor
23        necessary to repair or replace parts that should have been done under this
          NVLW, but were not.
24        **Your sole and exclusive remedy in a proceeding for breach of <u>any
          applicable implied warranty</u>** is money damages in an amount equal to the

25

26

27  _____
    [39] *See* Opposition at p. 19.
28  [40] *See* Exhibit F, bates stamped document DEF000326.

reasonable cost for material and labor necessary to correct the defect or defects upon which the finding of breach of implied warranty is based.[41]

Defendant's NVLW does in fact include the clear and explicit limitations on implied warranties that Plaintiff's opposition claims is missing.  The language of both section is clear and concise, and appears on the first page of the documents.  Defendant's NVLW "clearly and conspicuously disclose[s] [warranty terms] in a single document in simple and readily understood language." *Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611, 620 (11th Cir. 2001) citing 16 C.F.R. § 701.3(a).  Plaintiff's argument simply fails.

**B. The Sole and Exclusive Remedy that the Plaintiff May Recover is Set Forth in the NVLW.**

Upon the sale of the RV, Plaintiff agreed to be bound by the terms of the NVLW, which provides, among other things, that the "sole and exclusive remedy of this NVLW is money damages in an amount equal to the reasonable cost or material and labor necessary to repair or replace parts that should have been done under this NVLW, but were not."[42]  The NVLW further provides that "[i]ncidental and consequential damages . . . are not recoverable from Winnebago for breach of this NVLW or any implied warranty." [43]  Plaintiff explicitly agreed to these provisions,[44] but now he seeks to disclaim them on the grounds that the NVLW (1) fails to provide a fair quantum of damage, (2) fails its essential purpose, and (3) is unconscionable. However, each of these arguments fails because they are legally and factually untenable and unsupported.

First, Plaintiff has presented no evidence, besides his own bald assertion, that the NVLW fails to adequately compensate him for the RV's alleged defects. Although the typical measure of damages for breach of warranty under Nevada law is diminished value, the parties are "free to shape their remedies to their particular requirements and reasonable arrangements limiting or modifying remedies are to be given effect." *See* Nev. Rev. Stat. 104.2719 comment 1. Indeed, under Nev. Rev. Stat. 104.2719, parties "may limit or alter the measure of damages recoverable under this article, as by

---

[41] *See* Exhibit F, bates stamped document DEF000326.
[42] *See* Defendant's SOF ¶6.
[43] *See* Defendant's SOF ¶6.
[44] *See* Winnebago Vehicle Registration, DEF00260, attached hereto as **Exhibit Q.**

1  limiting the buyer's remedies to . . . repair and replacement of nonconforming goods or parts; and . . .

2  [r]esort to a remedy . . . agreed to be exclusive, in which case it is the sole remedy." *Id.* Plaintiff

3  provides no evidence or legal precedent that the NVLW's limitation of damages to the cost to repair

4  alleged defects is somehow not a "fair quantum" for his claims, which arise solely out of alleged

5  defects. This argument is illogical and should summarily be denied.

6       Second, Plaintiff has not presented any evidence that the NVLW has failed in its essential

7  purpose. Moreover, he has not presented any legal support that as a result of this alleged failure he is

8  automatically entitled to other damages, including incidental and consequential damages. Plaintiff

9  cites *Newmar Corp. v. McCrary*, 129 Nev. 638, 645-646 (Nev. 2013), in support of this contention.

10  However, *Newmar* does not support this argument. In *Newmar*, the Nevada Supreme Court merely

11  upheld a finding from the trial court that the plaintiff could receive incidental and consequential

12  damages <u>after</u> it had already found that the warranty in question failed its essential purpose. However,

13  this was a factual dependent finding unique to the circumstances of that case. The *Newmar* court never

14  decided that in the event of a finding that the warranty fails in its essential purpose, that the plaintiff is

15  entitled to other remedies. Thus, Plaintiff incorrectly puts the cart before the horse when he argues that

16  he is <u>entitled</u> to incidental and consequential damages because he has not established that the NVLW

17  failed its essential purpose.

18       Indeed, there is no factual evidence that Winnebago ever denied Plaintiff warranty repairs or

19  required that Plaintiff covered repairs from his own pocket. Rather, all evidence reveals that the

20  NVLW succeeded in its essential purpose, namely that Winnebago sufficiently repaired alleged

21  covered defects and/or replaced allegedly defective covered parts prior to litigation. Plaintiff presented

22  the RV to Camping World one time for a total of nineteen discrete issues. Plaintiff's expert, Tom

23  Bailey, agrees that each of these issues was repaired on the first attempt.[45] Furthermore, Plaintiff now

24  also argues that after he picked up the RV for the above repairs, he discovered an additional 133

25  defects. However, Plaintiff has not presented those for repair as required under the NVLW. It is

26  disingenuous for Plaintiff to now argue that the NVLW—which explicitly and unequivocally provides

27

28  [45] *See* Defendant's SOF ¶14.

1   that the sole exclusive remedy is the cost of repair—failed, because Winnebago has not even been

2   given a chance to repair these new alleged defects.

3          Third, in Nevada, both procedural and substantive unconscionability must be present in order

4   for a court to refuse to enforce a contract due to unconscionability. *Burch v. Dist. Ct.*, 118 Nev. 438,

5   442, 49 P.3d 647, 650 (2002); *see also D.R. Horton, Inc. v. Green*, 120 Nev. 549, 552, 96 P.3d 1159,

6   1162 (Nev. 2004), *overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Tr.*, 134

7   Nev. Adv. Op. 25, 415 P.3d 32, 34 (2018). Generally speaking, warranties that limit or exclude

8   incidental and consequential damages are unconscionable only when they preclude consumers from

9   recovering consequential and incidental damages due to personal, rather than purely economic,

10  injuries. Nev. Rev. Stat. 104.2719(3). Here, the NVLW is not unconscionable on its face because it

11  does not limit damages for personal injury.

12         Moreover, Plaintiff has not sufficiently established that the NVLW is <u>both</u> procedurally and

13  substantively unconscionable, as required under Nevada law. Procedural unconscionability often

14  involves the use of fine print or complicated, incomplete or misleading language that fails to inform a

15  reasonable person of the contractual language's consequences. *American Airlines, Inc. v. Wolens*, 513

16  U.S. 219, 249 (1995) (O'Connor, J., concurring). Here, the NVLW is not complicated, misleading, or

17  difficult to understand. Moreover, Plaintiff had adequate time during the sales transaction to review

18  and analyze the NVLW. Thus, it does not meet the standards for procedural unconscionability.

19         "[S]ubstantive unconscionability focuses on the one-sidedness of the contract terms." *Ting v.*

20  *AT&T*, 319 F.3d 1126, 1149 (9th Cir.), cert. denied, 540 U.S. 811, 124 S.Ct. 53 (2003). Plaintiff has

21  not even argued, let alone established by a preponderance of the evidence, that the NVLW is one

22  sided. He has, therefore failed to prove unconscionability. *See Harmon v. Tanner Motor Tours of Nev.*,

23  *Ltd.*, 377 P.2d 622, 630 (Nev. 1963) (finding that Nevada law does not require mutuality of remedy

24  and therefore one-sidedness does not void a contract).

25         Based upon the foregoing, Plaintiff should be limited to the NVLW's provision providing that

26  his sole and exclusive remedy is the cost to repair and/or replace defective parts.

27  / / /

28  / / /

## C. Defendant's Authorized Service Providers ARE NOT Agents of Defendant.

As badly as Plaintiff wants this court to believe that dealerships are agents so that he can try and hold Winnebago responsible for their alleged bad acts, there simply is no principle-agent relationship between Winnebago and its dealerships. The NVLW expressly states that the dealerships are independent businesses, that Winnebago does not control them, and that Winnebago cannot be controlled by them or bound by their actions.[46]  The court need look no further than this express language to dismiss Plaintiff's agency based claims. *Ellis v. Nelson*, 68 Nev. 410, 421, 233 P.2d 1072, 1077 (1951) (finding that no agency relationship exists if third-party knows authority to control is lacking).

Plaintiff incorrectly argues that pre-authorization is tantamount to agency. The pre-authorization system deals only with how a dealership gets paid for their services. It does not give the dealership the authority to expand or contract the coverage provided under the warranty, nor does it give the dealership the authority to bind Winnebago in any way. Dealerships can make certain warranty repairs without first seeking authorization from Winnebago and still get paid. Other repairs require that the dealerships get pre-approval if they want to be paid. Thus, the dealership is not exercising any kind of control over Winnebago, and Winnebago is not controlling what repairs the dealership makes to a customer's RV. The repair is either covered or it is not. And if it is covered, it either falls in the no pre-authorization category or it does not. Even if the dealership had some control over the warranty repair process, Nevada law is clear that any agency relationship does not exist every time one party has a contractual right to control some aspect of another's business. *See Hunter Min. Labs., Inc. v. Mgmt. Assistance, Inc.*, 104 Nev. 568, 572, 763 P.2d 350, 353 (1988) (finding that no agency relationship existed between seller and buyer because there was no control).

Agency only exists if the principal possesses the right to control the agent's conduct generally. *Viega GmbH v. Eighth Jud. Dist. Ct.*, 130 Nev. 368, 378, 328 P.3d 1152, 1158 (2014) (citing Restatement (Second) of Agency § 14 (1958) (providing that an agency relationship exists when the principal possesses the right to control the agent's conduct generally)).  Winnebago does not control

---

[46] *See* Defendant's SOF ¶7.

what repairs a dealership makes, only if those repairs are paid for by warranty. It does not control when the dealership makes a repair, the amount of time that it takes to make a repair or in what order the repairs are made. It does not control the priority given to one customer over another or the preference given to repairs made to one brand over another. It does not control how the dealership staffs its service department or who it hires and fires. It does not control the dealership's internal training structure or schedule. Winnebago has no control over its dealerships' general business practices.[47]

Plaintiff also cannot establish that the dealerships owed a fiduciary obligation to act primarily for Winnebago's benefit, which is a key element of agency. *See* Restatement (Second) of Agency § 13 comment a. It cannot be stated that the conduct of Camping World or Giant RV was done primarily for Winnebago's benefit. Both dealerships are independent businesses that sell and repair products for many other manufactures. They are in business to benefit themselves and do not have a fiduciary obligation to act primarily for Winnebago's (or any other manufacturer's benefit).

In short, Plaintiff has not identified or presented evidence establishing the requisite level of control or benefit for an agency relationship. Thus, any claim in Plaintiff's Complaint that Camping World and Giant RV are agents of Winnebago fail as a matter of law and should summarily be dismissed.

### D. The 133 Additional Defects Asserted by Mr. Wood's Expert Are Not Relevant and Not Properly Before The Court In Light Of Plaintiff's Failure To Comply With The Plain Terms Of The Express Warranty

Plaintiff clarifies in his opposition that that he does not intend to rely upon the 133 additional issues presented by his expert, Tom Bailey, as support for his breach of contract claim. Rather, he intends to assert that the defects support a showing that that the Plaintiff "experienced the defects that he complained of."[48] If Plaintiff is referring to the eight issues that he claims resurfaced after the repairs Camping World, he could have accomplished this task by presenting his RV for repair as required by the NVLW.

---

[47] *See* Defendant's Response to Plaintiffs' SOF at ¶35
[48] *See* Opposition at p. 24:11-16.

1   Defendant does indeed dispute that the RV is defective as Plaintiff claims. The larger issue is

2   that the Plaintiff could have enjoyed the benefit of the NVLW by simply having Winnebago perform

3   repairs and allow Winnebago the reasonable opportunity to conform the RV to the Plaintiff's

4   reasonable expectations. *See Siemens Med. Sys., Inc. v. Nuclear Cardiology Sys., Inc.*, 945 F. Supp.

5   1421, 1432 (D. Colo. 1996).  If Plaintiff was not happy with the repairs by Camping World, if his

6   "faith was shaken" as he alleges, he had an obligation to **contact Winnebago Owner Relations in**

7   **writing and advise them of the failure or inadequacy, including a list of the defects, and provide**

8   **Winnebago an opportunity to repair the motorhome prior to claiming a breach of this**

9   **warranty."**[49]

10   Plaintiff claims that Defendant breached its limited warranty necessarily fail when the facts

11   establish, as they do here, that Plaintiff never provided Defendant with a reasonable chance to effect

12   the repairs necessary to conform the RV the Plaintiffs' reasonable expectations and allow the Plaintiff

13   to enjoy his benefit of the bargain.  *See* Nev. Rev. Stat. 103.2508 (providing a right to cure an

14   allegedly non-conformance tender and requiring buyer to notify seller of non-conformance).

15   Plaintiff failed to abide by the clear terms of the warranty and to allow Defendant itself the

16   opportunity to repair the RV.  The issues "discovered," by Mr. Bailey during his surreptitious

17   inspection are inadmissible to prove breach of express or implied warranties.  These issues are not

18   properly before the court and unduly prejudicial.

19   Lastly, Mr. Bailey's "defects" are not even relevant to the matter of establishing

20   "unconscionability, as discussed above.  "A contract is unconscionable **only** when the clauses of that

21   contract and the circumstances existing at the time of the execution of the contract are so one-sided as

22   to oppress or unfairly surprise an innocent party." *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*,

23   89 Nev. 414, 418, 514 P.2d 654, 657 (1973).  An expert report prepared almost two years after the

24   purchase of the vehicle is not probative of "circumstances existing at the time of the execution of the

25   contract."

26   / / /

27

28
---
[49] *See* Exhibit F, emphasis added.

**E.  Plaintiff's Claims Under Nev. Rev. Stat. 41.600(E)/598.0915 (5), (7), (9) Fail As A Matter Of Law**

In opposition to Defendant's Motion for Summary Judgment relating to the Nevada Deceptive Trade Practices Act (NDTPA) Plaintiff alleges that Winnebago knowingly made "numerous" false representations which he relied upon in deciding to purchase the subject RV.  However, Plaintiff fails to demonstrate that even a single representation attributed to Winnebago was false.

First, Plaintiff alleges that Winnebago's statement that "quality exists in its RVs assured by a comprehensive 113-point ship out inspection" is a false representation pursuant to Nev. Rev. Stat. 598.0915(5), (7) and (15).[50]  Plaintiff argues that this statement is false and Winnebago did not perform a 113-point ship out inspection in order to ensure the quality of the RV.  However, Plaintiff fails to provide any evidence to support his allegation that Winnebago did not perform a comprehensive 113-point ship out inspection.  He apparently *assumes* that such an inspection did not occur based upon his allegations that defects were found at a later time.  However, this is purely conjecture and not based upon any admissible evidence.  Mere presence of an alleged defect alone is not evidence of breach of warranty. *See e.g., Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 23, ¶ 13, 126 P.3d 165, 170 (App. 2006) (holding "manufacturers, however, are 'not under a duty to make or design a fool-proof product'") (citing *Adroit Supply Co. v. Electric Mut. Liab. Ins. Co.,* 112 Ariz. 385, 390, 542 P.2d 810, 815 (1975)); *Hines v. Mercedes–Benz USA, LLC,* 358 F.Supp.2d 1222, 1228 (N.D.Ga.2005) ("[I]t is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy which would constitute a breach of warranty."); *Sennett v. Fleetwood Motor Homes of California, Inc.*, 04-161-PHX-ROS, 2006 WL 1544373, at *4 (D. Ariz. June 2, 2006) (awarding summary judgment in defendant's favor on breach of limited warranty claim when remaining alleged problems were either remedied or did not constitute "defects"); *Scott v. Honeywell Int'l Inc.*, 14-CV-00157-PAB-MJW, 2015 WL 1517527, at *5 (D. Colo. Mar. 30, 2015) ("repair/replace provision, the warranty is not violated by the mere failure of the goods to perform as

---

[50] *See,* Opposition at p. 28.

1  advertised."). Accordingly, Plaintiff fails to establish that this statement constitutes a false

2  representation.

3        Moreover, a general statement that something is a "quality" item, is precisely the type of

4  "generalized, vague and unspecific assertions" constituting "mere puffery" and "sales talk" that the

5  United States Court of Appeals for the Ninth Circuit has held does not give rise to claims of deceptive

6  trade practices. *Glen Holy Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003);

7  *see also Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013).

8        Second, Plaintiff alleges that Winnebago falsely represents that its RVs "will stand up to the

9  rigors of the road"[51] in violation of Nev. Rev. Stat. 598.0915(5), (7) and (15).  Here again, the

10  referenced statement is so broad, general and ambiguous as to be virtually incapable of proof.  This

11  statement is "generalized, vague and unspecific" and constitutes the type of "mere puffery" and "sales

12  talk" that the United States Court of Appeals for the Ninth Circuit has held does not give rise to claims

13  of deceptive trade practices.  *Glen Holy Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015

14  (9th Cir. 2003); *see also Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla.

15  2013).

16        Third, Plaintiff alleges that "Winnebego's NVLW fails to comply with the technical disclosure

17  requirements of the MMWA, which is itself a deceptive act in violation of NEV. REV. STAT.

18  598.092(8)."[52]  As set forth in more detail above, this allegation is plainly incorrect.  The NVLW does

19  contain the specific language required under 16 C.F.R. §701.3.  Defendant's NVLW "clearly and

20  conspicuously disclose[s] [warranty terms] in a single document in simple and readily understood

21  language." *Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611, 620 (11th Cir. 2001)

22  citing 16 C.F.R. § 701.3(a).

23        Finally, Plaintiff alleges that Defendant violates Nev. Rev. Stat. 598.092(8) which provides

24  that a person engages in a "deceptive trade practice" when he or she "<u>knowingly</u> misrepresents the

25  legal rights, obligations or remedies of a party to a transaction." (emphasis added)  In support of this

26  allegation Plaintiff alleges that "Winnebago's NVLW represents that it will repair defects found in the

---

[51] *See*, Opposition at p. 28
[52] *See*, Opposition at p. 29.

1  RV" and that "Winnebago failed in its obligation to repair the RV's defects."[53]  However, Plaintiff

2  fails to provide evidence of his allegation.  In fact, the allegation that repairs were not completed is

3  directly contradicted by Plaintiff's own expert who states that each of the 19 "defects" identified the

4  by the Plaintiff were "fixed within a reasonable number of attempts" and many still seemed to him  be

5  fixed at the time of his inspection[54]  Moreover, even if, *arguendo*, some items were not fixed, Plaintiff

6  has provided no evidence that Defendant knew that items would not be repaired by the authorized

7  service facility at the time the warranty was issued.  In other words, Plaintiff has failed to establish

8  that Defendant "knowingly" misrepresented the legal rights, obligations or remedies of a party to a

9  transaction.  Accordingly, Defendant cannot be found to have violated Nev. Rev. Stat. 598.092(8).

10  Plaintiff has offered nothing but speculation, conjecture and unsupported arguments in support of his

11  cause of action under the NDTPA.  Plaintiff has failed to present any issue of material fact sufficient

12  to preclude entry of summary judgment.  Accordingly, Defendant requests that the Court grant

13  summary judgment with regard to Plaintiff's cause of action under the Nevada Deceptive Trade

14  Practice Act.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  [53] *See*, Opposition at p. 29.
28  [54] *See* Defendant's SOF ¶14, 15.

V.    **CONCLUSION**

Pursuant to Fed. R. Civ. P. 56(a), and for the reasons stated herein, Defendant respectfully requests the Court enter a dispositive ruling in Defendant's favor as to each point and law and fact discussed  above.  Defendant pray for all other just relief.

DATED this 23rd day of August, 2019.

MESSNER REEVES LLP

MICHAEL M. EDWARDS. ESQ.
Nevada Bar No. 6281
NICHOLAS L. HAMILTON, ESQ.
Nevada Bar No. 10893
8945 W Russell Road, Suite 300
Las Vegas, Nevada  89148

KELTON G. BUSBY, ESQ.
Arizona Bar No. 022834
KERRY M. GRIGGS, ESQ.
Arizona Bar No. 016519
THE CAVANAGH LAW FIRM
1850 North Central, Suite 2400
Phoenix, Arizona 85004

*Attorneys for Defendant Winnebago Industries, Inc*

1

### <u>CERTIFICATE OF SERVICE</u>

2

I certify that I am an employee of Messner Reeves LLP and that on this 23rd day of August,

3

2019, I served a true and correct copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF**

4

**DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT** to all parties on file with

5

the CM/ECF:

6

George O. West, III
Law Office of George O. West, III

7

Consumer Attorneys Against Auto Fraud
10161 Park Run Drive, Suite 150

8

Las Vegas, NV 89145
Telephone: (702) 664-1168

9

Facsimile: (702) 664-0459
Email: gowesq@cox.net

10

*Attorneys for Plaintiff Gordon Wood*

Ronald Burdge, Esq.
Burdge Law Office Co. LPA
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone: (937) 432-9500
Facsimile: (937) 432-9503
Email: Ron@burdgelaw.com
*Attorneys for Plaintiff Gordon Wood*

11

12

13

An Employee of Messner Reeves LLP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28