UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GORDON WOOD, | Case No. 2:18-CV-1710 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| WINNEBAGO INDUSTRIES, INC., | |
| Defendant(s). | |

Presently before the court is Winnebago Industries, Inc.'s ("defendant") motion to reopen deadline for dispositive motions. (ECF No. 48). Gordon Wood ("plaintiff") did not oppose the motion, and the time to do so has passed.

Defendant asks the court to extend the dispositive motion deadline so it may file a motion for summary judgment on plaintiff's single remaining claim for breach of contract/warranty.[1] *Id.* Defendant acknowledges that "[s]cheduling orders . . . may only be modified upon showing of good cause." *Id.* at 5 (citing Fed. R. Civ. P. 16(b)(4)). Defendant argues that the factors the Ninth Circuit articulated in *Comm. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996), warrant extending the dispositive motion deadline. *Id.* at 5–6.

"The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Plaintiff has not opposed defendant's motion. Thus, pursuant to local rules, the motion may properly be granted on that ground alone.

---

[1] The court granted partial summary judgment in defendant's favor as to plaintiff's NDTPA claim and a variety of other issues. (ECF No. 41).

**James C. Mahan**
**U.S. District Judge**

The court nonetheless reviewed the substance of defendant's motion and finds good cause to extend the dispositive motion deadline.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to reopen deadline (ECF No. 48) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the parties may file dispositive motions on or before July 31, 2020.

DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE