GEORGE O. WEST III [SBN 7951]
Law Offices of George O. West III
*Consumer Attorneys Against Auto Fraud*
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
gowesq@cox.net
www.americasautofraudattorney.com
www.nevadasautofraudattorney.com
(702) 664-1168
(702) 664-0459 [fax]

RONALD BURDGE, ESQ (Pro Hac Vice)
Ohio SNB 0015609
Burdge Law Office Co LPA
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Ron@burdgelaw.com
www.ohiolemonlaw.com
(937) 432-9500
(937)432-9503 [fax]

Attorneys for Plaintiff
**GORDON WOOD**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GORDON WOOD, an Individual
    Plaintiff

- VS. -

WINNEBAGO INDUSTRIES, INC.,

    Defendant

_____/

Case No:    2:18-cv-01710-JCM-BNW

**JOINT PRE-TRIAL ORDER**

After pretrial proceedings in this case,

IT IS ORDERED:

1

1     **1.     Nature of action and the parties' contention:**

2          This is an action for: breach of implied warranty of merchantability under Nev. Rev.

3     Stat. Ann. 104.2314 and involves the purchase of a new Winnebago Grand Tour

4     recreational vehicle (the RV).1

5          The parties agree that by operation of law Defendant provided an implied warranty

6     of merchantability on the RV involved in this case.

7          The parties agree that to prevail on a breach of implied warranty of merchantability

8     Plaintiff must establish by a preponderance of the evidence that when the RV was tendered

9     to Plaintiff it was not merchantable and Plaintiff suffered damages as a result.

10         Plaintiff contends that the RV was not merchantable and Defendant contends that

11    it was merchantable.

12         Plaintiff contends that he has suffered damages and seeks recovery of his damages.

13    Defendant contends that Plaintiff has not suffered damages and that even if Plaintiff did

14    suffer damages Plaintiff's recovery of damages is limited by the terms of Defendant's

15    written warranty which contains a contractual modification or limitation of remedy, under

16    Nev. Rev. Stat. Ann. 104.2719, to "money damages in an amount equal to the reasonable

17    cost for material and labor necessary to correct the defect or defects upon which the finding

18    of breach of implied warranty is based."

19         Plaintiff contends that the implied warranty of merchantability failed its essential

20    purpose, thereby triggering nullification of the contractual modification or limitation of

21    remedy by operation of Nev. Rev. Stat. Ann. 104.2719(2).2 Defendant contends that the

22    implied warranty did not fail its essential purpose and therefore the statutory nullification

23    is not operative here. Defendant also contends that the Court ruled on this question in its

24    _____

[1] As originally filed the Complaint also included claims for breach of express warranty,
25    violation of the Magnuson-Moss Warranty Act, and the Nevada Deceptive Trade
Practices Act but those claims were dismissed by the Court via Winnebago's motions for
26    summary judgment.
[2] "Where circumstances cause an exclusive or limited remedy to fail of its essential
27    purpose, remedy may be had as provided in this chapter."

28

March 23, 2020 Order at pages 10-11, ECF Doc 41. Plaintiff contends those pages of ECF Doc 41 were with regard to the Defendant's express written warranty and are not applicable to the remedy for a statutory implied warranty breach.

The parties agree that for the RV to be merchantable under Nev. Rev. Stat. Ann. 104.2314, it must be at least such as:

(a) Pass without objection in the trade under the contract description, and

(b) Is fit for the ordinary purposes for which such goods are used.

**2.    Statement of jurisdiction:**

Plaintiff is a resident and citizen of Nevada and Defendant is a resident of Iowa and has its principal place of business in Iowa. The parties agree this Court has jurisdiction over this action based on diversity of citizenship pursuant to U.S.C. 1332(a)(1).

**3.    Uncontested material facts:**

1.  The following facts are admitted by the parties and require no proof:

2.  This Court has jurisdiction over the parties and the subject matter of this action.

3.  Venue is proper in the United States District Court, District of Nevada.

4.  Plaintiff purchased the RV from a "merchant" as defined in Nev. Rev. Stat. Ann. 104.2104(1).

5.  The sale of the RV to Plaintiff came with an implied warranty of merchantability from Winnebago as defined in Nev. Rev. Stat. Ann. 104.2104(1).

6. Defendant is a "merchant" as defined in Nev. Rev. Stat. Ann. 104.2104(1).[3]

7. Plaintiff did bring the RV to one of Winnebago's authorized service centers, Camping World, for warranty repairs within the time frame when the implied warranty of merchantability was in force and active.

8. Some of the alleged issues and problems with the RV that are the subject of this Action which were reported to Camping World by Plaintiff fell within the purview of Winnebago's implied warranty of merchantability. Plaintiff requested the RV be repaired at an authorized Winnebago dealership, Camping World, for defects in the subject RV in October 2017.

9. Plaintiff sent a written response to an opinion survey to Winnebago in December 2017. Plaintiff sent an email to Winnebago on February 13, 2018. Plaintiff, through an attorney, sent a letter to Winnebago on March 31, 2018. These communications occurred while the RV was still at Camping World.

10. Plaintiff received possession of the RV on July 10, 2018.

11. Plaintiff sent no written communication to Winnebago after July 10, 2018.

12. This case was filed in Court on July 31, 2018.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

---

[3] Under NV law, a buyer of a good under Nevada's UCC is not required to have privity of contract with the seller to enable the buyer to sue the manufacturer of the good for breach of implied warranty. While Winnebago was not the "seller" of the RV, Plaintiff, under Nevada law, can maintain a claim for breach of implied warranty against Winnebago as privity is not a requirement in Nevada  See *Vacation Vill., Inc. v. Hitachi Am., Ltd.,* 110 Nev. 481, 485–86, 874 P.2d 744, 747 (1994); *Hiles Co. v. Johnston Pump Co. of Pasadena, Cal.,* 93 Nev. 73, 78–79, 560 P.2d 154, 157–58 (1977); *In re Wirsbo Non-F1807 YBFs,* No. 08-CV-1223-F, 2013 WL 12315106, at *5–6 (D. Nev. Nov. 27, 2013); *Reed v. Arthrex, Inc.,* No. 317CV00337LRHWGC, 2017 WL 4560140, at *4 (D. Nev. Oct. 11, 2017); *Herz v. Dynamax Corp.,* No. 307CV00289BESRAM, 2009 WL 10696283, at *3 (D. Nev. Feb. 12, 2009); *Matanky v. Gen. Motors LLC,* 370 F. Supp. 3d 772, 787–88 (E.D. Mich. 2019) [interpreting Nevada law].

13. Neither Camping World nor Giant RV are agents of defendant.

14. Winnebago modified or limited Plaintiff's remedy for breach of implied warranty of merchantability as follows: "your sole and exclusive remedy in a proceeding for breach of any applicable implied warranty is money damages in an amount equal to the reasonable cost for mateiral and labor necessary to correct the defect or defects upon which the finding of breach of implied warranty is based."

**4.  Statement of the contested issues of fact, as agreed upon by the parties:**

1. Whether Defendant breached its implied warranty of merchantability.

2. Whether the Plaintiff was damaged.

**5.  Statement of the contested issues of law, as agreed upon by the parties:**

1. Whether notice of breach of the implied warranty of merchantability is required by Nevada law.

2. Whether opportunity to cure is required by Nevada law.

3. Whether Plaintiff's presentation of evidence is limited to the issues Plaintiff complained of prior to filing this suit.

**6.  Plaintiff's statement of any other issues of fact or law deemed to be material:**

(a) Other issues of fact:

1. Whether Defendant's limited remedy failed of its essential purpose as codified in New. Rev. Stat. Ann. 104.2719(2).

2. If Defendant's limited remedy failed of its essential purpose, then what is the amount of damages Plaintiff suffered, if any.

(b) Other issues of law:

None.

**7.   Defendant's statement of any other issues of fact or law deemed to be material:**

(a) Other issues of fact:

None.

(b) Other issues of law:

1.   Whether the Court's Order of March 23, 2020 [Docket 41] disposed of any claim that the implied warranty of merchantability failed its essential purpose;

**8.   Exhibits**

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1.   Winnebago Vehicle Registration 042217

2.   2016 Winnebago Grand Tour Operator's manual

3.   Camping World Las Vegas WO 54111

4.   Camping World Las Vegas WO 54111W

5.   Correspondence with Winnebago Industries 021318

6.   Correspondence with Camping World Las Vegas 021418

7.   Correspondence with Camping World Las Vegas 031518

8.   Attorney Cure Letter to Winnebago 033118 23

9.   1 Photograph of Steering Wheel Electronic Control Pad

10. Plaintiff Correspondence with Camping World 111417 to 071218

11. 040318 Correspondence Maintenance Business Records Produced by Winnebago

12. 040418 Warranty Claim Detail Business Records Produced by Winnebago

13. 040318 Winnebago Warranty Repair Order History Business Records Produced by Winnebago

14. Winnebago Grand Tour Owner Manual Produced by Winnebago

15. Photographs taken by Plaintiff Expert, Thomas Bailey: 102 to 106, 255 to 259, 300 to 302, 727, 777 to 779, 783 to 7867

16. Photographs of E. Hutchcraft: DSC08 (series) 590, 591, 710 to 714, 831, 919, 948, (9 series) 016, 249, 250, 252, 333, 347 to 358, 404, 414

17. Video by E. Hutchcraft: Video 001

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

(1)     Set forth the plaintiff's exhibits and objections to them.

Defendant objects to each of Plaintiff's following exhibits on grounds that: 1. they are not proportional, 2. not relevant, 3. a waste of time; and 4. more prejudicial than probative. Additional specific objections are set forth to other specific Plaintiff exhibits below.

1. RV Side View Image

2. RV Floor Plan Image

3. Winnebago Grand Tour Brochure, 2016

4. Winnebago 4 Questions Before You Buy Brochure

5. Winnebago When Your Name Means RVing Brochure

6. Certificate of Origin, Freightliner Custom Chassis 092414

7. Certificate of Origin, Winnebago 70715

8. Giant RV WO 184216, 121316

9. Giant RV Workout Sheet 031617

10. Giant RV WO 185793, 032317

11. Giant RV WO 185837, 032717

12. Retail Installment Contract 042217

13. Retail Installment Contract, DocuSign, 042217

14. Giant RV Deposit Receipt 104042, 042217

15. Acknowledgment of Rewritten Contract 042217

16. Giant RV Disclosure Statement 042217

17. Statement of the California Sales and Use Tax Law 042217

18. Giant RV Checklist 042217 22

19. Giant RV Customer After Market Options

20. Winnebago A Word From the Chairman of the Board, Chief Executive Officer and President Welcome Packet

21. Giant RV Receipt 6632, 042517

22. Plaintiff Letter to Winnebago with attached List 021318

23. 5 Plaintiff Breakdown Photographs 090618

24. 18 Photographs Defendant Inspection 030519: 0935, 942, 943, 944, 945, 949, 954, 0955, 0958, 0968, 0970, 0971, 0973, 0976, 0977, 0978, 0979, 0981

25. Photographs of E. Hutchcraft: DSC08 (8 series) 626, 627, 630, 638, 641, 676, 736, 819, 825, 831, 832, 837, 839, 843, 844, 846, 854, 859, 860, 868, 870, 875, 879, 880, 882, 884, 894, 895, 903, 905, 907, 909, 911, 912, 913, 914, 916, 917, 921, 922, 923, 924 through 928, 939, 942, 951, 952 through 954, 958, 960, 973, 976, 977, 979, 981, 997, 9000, 9001, 9002, 9003, 9006, 9012, 9017, 9034,

9050, 9075 through 9077, 9090, 9094, 9138, 9142, 9143, 9149, 9150, 9151, 9154, 9157; 8590, 8591, 8710 to 8714, 8831, 8919, 8948, 9016, 9249, 9250, 9252, 9290, 9333, 9347 to 9358, 9404, 9414

26. Recall 18v546 Public Records Produced by NHTSA

27. Giant RV Business Records Sales File (21 pages)

28. Giant RV Business Records Service File (7 pages)

29. Camping World Las Vegas Service File (74 pages)

30. Giant RV Winnebago MSRP

31. Villa International Sofa Bed tag

32. September 2014 Chassis Business Record Produced by Winnebago

33. 102714 Traveler Business Records Produced by Winnebago

34. 070715 Winnebago Certificate of Origin Business Record Produced by Winnebago

35. 122214 Ship Out Business Records Produced by Winnebago

36. 092214 Wholesale Order & Sale Business Records Produced by Winnebago

37. 070715 Winnebago Dealer Invoice Business Records Produced by Winnebago

38. Owner Relations File & Email Business Records Produced by Winnebago (Def pg 220-227, 8 pages)

39. Recall Business Records Produced by Winnebago

40. Camping World Las Vegas Repair Business Records Produced by Winnebago (Def pg 192-218, 27 pages)

41. Attorney 033118 Cure Letter to Winnebago Produced by Winnebago

42. Defendant Winnebago's Initial Designation of Expert Witnesses Pursuant to

Fed. R. Civ. P. 26(a)(2)(B) 031119

43. Defendant Winnebago's First Supplemental Designation of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2)(B) 032719

44. FLIR Model MR176 Imaging Moisture Meter Plus with IGM User Manual

45. Infrared Training Center Course Manual Level I Thermography 2016-06-09

46. RV Slide Closing Video 031119

47. Giant RV Supplemental Documents Produced at Deposition (Pages 2-16)

48. Bailey Certified Independent RV Investigation Report of Alleged Manufacturer Defects 021219 [OBJECTION: Hearsay, inadmissible expert report]

49. Bailey Certified Independent RV Measure of Damage Appraisal Report 021219 [OBJECTION: Hearsay, inadmissible expert report]

50. Bailey Rebuttal and Supplemental Certified Independent Imaging/Moisture Level Determination Report 050319 [OBJECTION: Hearsay, inadmissible expert report]

51. Photographs taken by Plaintiff Expert, Thomas Bailey: DSC 2019, 2061, 2044, 2069, 2080, 2096, 2097, 2098, 2100, 2101, 2102, 2104 to 2128, 2129, 2130, 2132 to 2150, 2152 to 2187, 2189 to 2203, 2206 to 2216, 2218, 2220 to 2223, 2225 to 2233, 2234 to 2235, 2236, 2237, 2238, 2240, 2242 to 2244, 2246, 2248 to 2250, 2253, 2255, 2256, 2261 to 2265, 2268 to 2526, 2529 to 2585, 2591 to 2602, 2603, 2605, 2610, 2614, 2617, 2612, 2624, 2627, 2632, 2637, 2642, 2643, 2645, 2647, 2648, 2652, 2661, 2743, 2744, 2753, 2759, 2762, 2765, 2767, 2769, 2772, 06414.

52. 9 Videos taken by Thomas Bailey: C0012, 0013, 0015, 0016, 0017, 0018, 0019,

0020, 0021, RVVideo 031119

53. Hutchcraft File produced at deposition

54. Hutchraft Reports, Feb 11, 2019, Mar 27, 2019, Mar 11, 2019

55. Defendant's written discovery responses

(2)    Set forth the defendant's exhibits and objections to them.

1.    Hutchcraft photographs: 8761 [OBJECTION Duplicative of 8590 and 8591, waste of time], 8945 to 8947 [OBJECTION Photographs of Plaintiff attorneys attending inspection is Not relevant, waste of time, more prejudicial than probative].

**9.    Electronic evidence:**

Plaintiff and Defendant each intend to present evidence in electronic format to jurors for purposes of jury deliberations.

**10.   Identification of Depositions intended to be offered at the trial, except for impeachment purposes, and designation of the portions of the deposition to be offered:**

(1)    Plaintiff will offer the following depositions (all are against Defendant):

1.    Robert Murphy and Giant RV via its Rule 30(b) representative and agent Robert Murphy, Giant RV (see attached Exh. for portions of deposition to be offered at trial)

2.    Steve Mary and Winnebago via its Rule 30(B) representative and agent Steve Mary, Winnebago (if witness cannot appear live)

3.    Michael Hulsey and Camping World Las Vegas via its Rule 30(b) representative and agent Michael Hulsey (if witness cannot appear live)

4.    Terry Stringer and Camping World Las Vegas via its Rule 30(b) representative

and agent Terry Stringer (if witness cannot appear live)

5. Sheryl Terry and Camping World Las Vegas via its Rule 30(b) representative and agent Sheryl Terry (if witness cannot appear live)

6. Enoch Hutchcraft, RV Forensics, LLC (if witness cannot appear live)

(2)    Defendant will offer the following depositions:

1. Plaintiff Gordon Wood (if not available live)

2. Tom Bailey (if not available live)

3. Same as Plaintiff

**11.    Objections to depositions:**

(1) Defendant objects to plaintiff's depositions as follows:

1. Robert Murphy: not proportional to case; more prejudicial than probative; waste of time. Giant RV did not perform any post-retail sale warranty repairs on RV.

(2) Plaintiff objects to defendant's depositions as follows:

2. Plaintiff has not received from Defendant any designated portions of any deposition it would offer into evidence at trial and thus objects to same.

**12.    List of witnesses, with their addresses, who may be called at the trial:**

(a)    Provide names and addresses of plaintiff's witnesses.

1. Gordon Wood, Plaintiff (Live), 5455 S Valley View, Las Vegas, NV 589118 2415

2. Ethel M. Wood, Plaintiff's wife (Live), 5455 S Valley View, Las Vegas NV 89118 2415

3. Steve Mary and Winnebago via its Rule 30(b) representative and agent Steve Mary, Sr. Product Compliance Manager Winnebago (Live), 605 West Crystal

Lake Rd., Forest City, IA 50436

4.   Tom Bailey, Plaintiffs Expert (Live), 1295 Enterprise Osteen Rd., 12 Enterprise, FL 32725

5.   Michael Hulsey and Camping World Las Vegas via its Rule 30(b) representative and agent Michael Hulsey, Service Director, Camping World Las Vegas (live), 13175 Las Vegas Boulevard, Las Vegas, NV 89124

6.   Robert Murphy and Giant RV California via its Rule 30(b) Robert Murphy, Vice President, Giant RV California (Deposition), 9150 Benson Avenue, Montclair, CA 91763

7.   Robert Stringer and Camping World Las Vegas via its Rule 30(b) representative and agent Robert Stringer, Service Technician, Camping World Las Vegas (Live), 13175 Las Vegas Boulevard, Las Vegas, NV 89124

8.   Sheryl Terry and Camping World Las Vegas via its Rule 30(b) representative and agent, Warranty Administrator, Camping World Las Vegas (Live), 13175 Las Vegas Boulevard, Las Vegas, NV 89124

9.   Enoch Hutchcraft, RV Forensic, LLC, 4257 Barger Dr. #204, Eugene, Oregon 97402

(b)    Provide names and addresses of defendant's witnesses.

1.   Same as Plaintiff

## 13.   Motions in limine

Neither party has filed motions in limine yet.

## 14.   Proposed trial date

The attorneys or parties have met and jointly offer these three trial dates:

13

March 28, 2022

April 4, 2022

April 11, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

It is estimated that the trial will take a total of _4_ days.

APPROVED AS TO FORM AND CONTENT:

DATED: October 28, 2021_____

By /s/ Ronald L. Burdge_____     By_ Michael M. Edwards_____
Ronald Burdge, Esq.                         Michael Edwards. Esq.
Burdge Law Office Co. LPA                   Nevada Bar No. 6281
8250 Washington Village Drive               Nicholas Hamilton, Esq.
Dayton, Ohio 45458-1850                     Nevada Bar No. 10893
Telephone: (937) 432-9500                   MESSNER REEVES LLP
Facsimile: (937) 432-9503                   8945 W. Russell Road, Suite 300
                                            Las Vegas, Nevada 89148
George O. West, III                         Telephone: (702) 363-5100
Law Office of George O. West, III           Facsimile: (702) 363-5101
Consumer Attorneys Against Auto Fraud       *Attorneys for Defendant*
10161 Park Run Drive, Suite 150             *Winnebago Industries, Inc.*
Las Vegas, NV 89145
Telephone: (702) 664-1168
Facsimile: (702) 664-0459
*Attorneys for Plaintiff Gordon Wood*

XI.

ACTION BY THE COURT

14

This case is set for jury trial on the stacked calendar on <u>July 11, 2022</u> at <u>9:00 a.m.</u>.
Calendar call will be held on <u>July 6, 2022</u> at <u>1:30 p.m.</u> in courtroom 6A.

DATED: <u>  November 3, 2021  </u>.

_____
UNITED STATES DISTRICT JUDGE

15