UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GORDON WOOD, | Case No. 2:18-CV-1710 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| WINNEBAGO INDUSTRIES, INC., | |
| Defendant(s). | |

Presently before the court are plaintiff Gordon Wood's ("Wood") combined motions *in limine* (ECF No. 82), to which defendant Winnebago Industries, Inc. ("Winnebago") responded (ECF No. 82).

Also before the court are defendant Winnebago's motions *in limine* (ECF Nos. 83; 84; 85), to which plaintiff Wood responded (ECF Nos. 88; 89; 90).

I.  **Background**

The instant action arises from an alleged breach of implied warranty of merchantability for an RV purchase in 2015. Plaintiff Wood alleges that several defects existed at the time of purchase, which rendered the vehicle unfit for consumer and resulted in Winnebago's breach of implied warranty under Nevada state law.[1]

Both plaintiff and defendant now file several motions *in limine* to limit various types of evidence anticipated at trial.

---

[1] Specifically, NRS 104.2314, which states that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." The statute clarifies, in relevant part, that "goods to be merchantable must be at least such as: (a) Pass without objection in the trade under the contract description; and (c) Are fit for the ordinary purposes for which such goods are used."

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* FED. R. EVID. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**III.   Discussion**

    a.  <u>Plaintiff Wood's combined motions *in limine* nos. 1–5 (ECF No. 82)</u>

The court DENIES all of plaintiff Wood's motions *in limine*, consistent with the following.

        i.   *Mentioning improper motives in bringing claims*

Wood objects to Winnebago's anticipated comments regarding his purportedly "greedy" motivations in bringing this suit, arguing that the motivations for pursuing the legal claims in this action "is not evidence, is not relevant, and is nothing but an inappropriate attempt to appeal to the emotions, sympathy, or prejudices of the jury."  The court finds this request overbroad. Winnebago is entitled to introduce evidence of Wood's motives, intent, interests, and objectives for filing, pursuing, and participating in this lawsuit.  If Winnebago makes any unsubstantiated *ad hominem* attacks against Wood regarding his motives in bringing these claims that are substantially more prejudicial than probative, the court will address it at trial.

        ii.  *Defense expert inspection*

Wood objects to Winnebago's anticipated reference to his counsel's attendance and presence at the RV inspection conducted by Winnebago's expert witness as irrelevant since his counsel's attendance "does not make it more or less probable that [Winnebago] breached its implied warranty of merchantability."  Winnebago argues that its purpose in referencing this fact is merely to evidence that the inspection was "above board" and that plaintiff's interests were adequately represented at the time.  The court agrees and finds that the probative value of including this evidence outweighs any potential prejudice.

        iii. *References to the limited warranty*

Wood objects to any mention of or reference to the vehicle warranty in place at the time of purchase.  Wood argues that the court previously dismissed his claims for breach of express warranty under state law and violation of the federal Magnuson Moss Warranty Act, which implicated the original vehicle warranty.  Thus, the only remaining claim is the *implied* warranty of merchantability under statutory law (*i.e.*, NRS 104.2314).  Therefore, reference to the original

vehicle warranty is irrelevant and any potential probative value is outweighed by "danger of unfair prejudice, confusion of the issues, and/or misleading the jury."

Winnebago argues that since the original vehicle warranty *limits* the implied warranty, it is proper evidence before the jury. The court agrees. The court already ruled that the limitation of damages in the original vehicle warranty is "enforceable" (ECF No. 41 at 11), and thus evidence of this warranty is highly probative and relevant to the suit.

iv. *Reference to damages limitation in the limited warranty*

For the same reasons explained in Part III.A.3, *supra*, the court also denies this motion. The court does not find that extraordinary circumstances warrant reconsideration of its prior decision on partial summary judgment that the "warranty's express and unambiguous limitation on damages is enforceable." (ECF No. 41 at 11). That decision included an extensive discussion addressing all the points Wood inappropriately reintroduces in his motion *in limine*. (*See Id. passim*).

v. *Defense expert Enoch Hutchcraft's inadmissible testimony and opinions*

Wood makes what appears to be a combined FRE 702 and 403 objection to Mr. Hutchcraft's "legal conclusion opinions" and "speculative testimony and opinions" as irrelevant and inadmissible. In his motion, he lists dozens of specific points of testimony he objects to. In part, Wood argues that Mr. Hutchraft's testimony and opinions are "speculative because there is no evidence that he was personally involved." (ECF No. 82 at 12).

Wood errantly believes that expert witnesses need personal knowledge of, or involvement with, a matter to render an opinion. (*See* FRE 703) ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.")

The court finds that it would be a waste of judicial resources to rule on each point of testimony listed in Wood's motion before trial begins. Rather, the court reserves ruling on any of these evidentiary issues once the case in chief is presented and Winnebago's witness is proffered as an expert at trial with foundation laid for each of his opinions.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

b.  <u>Winnebago's motions *in limine*</u>

Defendant Winnebago filed three of its own motions *in limine*. The court addresses each in turn.

*i. Preclude evidence of alleged defects of which plaintiff did not provide notice*

Winnebago objects to Wood's 133 additional alleged defects in the RV because it was not notified of such defects until after suit was filed. Specifically, Winnebago argues that notice of breach of warranty is a condition precedent for an implied warranty action in Nevada under NRS 104.2607, and asserts that 15 U.S.C. § 2310(e) requires notice in consumer remedy cases to afford a reasonable opportunity to cure. Winnebago requests the court limit evidence to the 19 defects properly reported prior to litigation.

Wood argues that the court should allow the evidence of the 133 latent defects because they are probative of the claim that these defects were present at the time of purchase. Furthermore, Wood submits that these latent defects should also be allowed for purposes of impeachment under FRE 607 and 608(b) because he intends to introduce this evidence to show that Winnebago's expert testimony is flawed.

The court finds that the additionally alleged *latent* 133 defects discovered after filing suit are probative for the case in chief—to wit, whether a breach of implied warranty occurred at the time of purchase. While NRS 104.2607(3)(a) provides that "the buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy," the court does not read this to require notice of *every* defect or nonconformity. Therefore, the evidence is relevant and admissible.[2]

Accordingly, the court DENIES Winnebago's motion *in limine* No. 1.  (ECF No. 83).

. . .

. . .

---

[2] Moreover, Winnebago inaptly asserts federal law in support of its position in this motion. The only remaining claim in this case is a breach of implied warranty under Nevada law. The court already dismissed the federal Magnuson-Moss warranty claims. Thus, 15 U.S.C. § 2310 does not apply.

**James C. Mahan**
**U.S. District Judge**

- 5 -

    ii. *Preclude evidence of damages beyond those allowed by the original vehicle warranty*

Winnebago argues that since the court previously ruled that the "unambiguous limitation on damages is valid and enforceable," any evidence of damages beyond those allowed by the warranty should be precluded. The court agrees.[3]

Consistent with the court's prior holding, (ECF No. 41), Wood's damages should be limited to the original vehicle warranty, which allows for "money damages in an amount equal to the reasonable cost for material and labor necessary to repair or replace parts that should have been done under this [warranty] but were not." (ECF No. 84 at 5).

Accordingly, the court GRANTS Winnebago's motion *in limine* No. 2. (ECF No. 84).

    iii. *Allow evidence of plaintiff expert Tom Bailey's felony convictions*

Winnebago requests that the court allow evidence of a 30-year-old felony conviction to impeach Tom Bailey, Woods's expert witness. In 1994, Mr. Bailey was convicted of fraud, making a false statement to a grand jury, and obstruction for impeachment purposes. Winnebago argues that the probative value of this evidence substantially outweighs any prejudicial effect.

FRE 609(b) limits the use of criminal convictions older than 10 years to impeach a witness, but the conviction can still be admitted if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Winnebago's motion fails to provide "specific facts and circumstances" demonstrating that the probative value of the old conviction substantially outweighs any prejudicial effect it may have. Therefore, the court finds that the introduction of such evidence does not overcome the presumption of inadmissibility for stale convictions.

In contrast, Wood provides evidence to the court that the state of Florida granted Tom Baily a restoration of his civil rights; he has not been arrested or convicted of any crimes since the 1994 conviction; and since 1994, he has acted as an expert witness or consultant for both the government and private sector (including providing "invaluable assistance to the state of Florida

---

[3] Wood, as well, inaptly argues that federal law applies in this case and that 15 U.S.C. § 2308(c) renders Winnebago's limited damages remedy ineffective. No federal claims remain in this case and the court applies substantive state law when sitting in diversity.

**James C. Mahan**
**U.S. District Judge**

in combating fraud"). (*See* ECF No. 88). Further, his conviction involved a prior business of selling firearms, not the business of providing expert witness testimony. (*Id.*).

While Mr. Bailey's conviction involved crimes of dishonesty (even in a court proceeding), in view of his apparent rehabilitation, the court finds the probative value of his stale conviction substantially outweighed by the prejudicial effect it could have on the jury[4]— especially since the crux of this case surrounds the differing opinions of the two adversarial expert witnesses and their testimony as to the alleged defects in the RV.

Accordingly, the court DENIES Winnebago's motion *in limine* No. 3. (ECF No. 85).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wood's combined motions *in limine* nos. 1–5 (ECF No. 82) be, and the same hereby are, DENIED, consistent with this order.

IT IS FURTHER ORDERED that Winnebago's motion *in limine* no. 1 (ECF No. 83) be, and the same hereby is, DENIED, consistent with this order.

IT IS FURTHER ORDERED that Winnebago's motion *in limine* no. 2 (ECF No. 84) be, and the same hereby is, GRANTED, consistent with this order.

IT IS FURTHER ORDERED that Winnebago's motion *in limine* no. 1 (ECF No. 85) be, and the same hereby is, DENIED, consistent with this order.

DATED June 30, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[4] *See Wilson v. Hill*, 2013 U.S. Dist. LEXIS 7987 (S.D. Ohio, 2013) (holding that evidence of an expert witness dentist's 34-year-old prior felony convictions for conspiracy and mail fraud were inadmissible "in light of the dentist's apparent rehabilitation, subsequent re-licensure, and continued good standing.").

**James C. Mahan**
**U.S. District Judge**

- 7 -